## Clark & Co. *against* Spence.

In an action against a warehouseman or forwarding merchant, to recover the value of a lost trunk, the plaintiff is a competent witness to prove the contents of it; but this rule is limited and controlled by circumstances respecting the nature of the contents: it will only extend to such articles as are ordinarily necessary for the convenience and use of a traveller.

· In such action the law will not intend negligence on the part of the bailee, who will be presumed to have acted according to his trust until the contrary is shown. But to throw the burthen of proof on the bailor, it is necessary that the bailee should show clearly how the goods were lost.

ERROR to the district court of *Allegheny* county.

Dr. James Spence against Thomas S. Clark & Co. This was an action on the case brought to recover the price of a trunk and its contents, which came to the possession of the defendants as warehousemen in the city of Pittsburg.

The plaintiff, after giving evidence of the receipt of the trunk by the defendants, offered to prove the contents by the evidence of the plaintiff himself. The defendants objected to the competency of the witness, but the court overruled the objection and sealed a bill of exceptions. The plaintiff then testified as to the contents, amounting in value to 184 dollars and 66 cents.

Several witnesses were then called by the defendants, who testified as to the loss of the trunk, and who left the fact, whether the trunk was stolen or delivered to a wrong person, in some degree uncertain, but it clearly appeared that it came to the possession of a Mrs Connelly, from whom part of the contents, a box of surgical instruments, was recovered.

The defendants' counsel requested the court to charge the jury upon these points:—

1. That the defendants being warehousemen are bound to use but ordinary diligence.

2. That it lies upon the plaintiff to prove neglect of duty on the part of the defendants; and that defendants will be presumed to have performed their duty until the contrary be shown.

[Clark & Co. v. Spence.]

The court (Dallas, president) answered the first point in the affirmative, and directed the jury that under the circumstances of this case the burthen of proof was upon the defendants.

*Wyle,* for plaintiff in error, as to the competency of the plaintiff to prove the contents of the trunk, cited 1 *Stark. Ev.* 120; 1 *Yeates* 34; 12 *Vin. Ab.* 24, *pl.* 34; as to the charge of the court, *Story on Bailment* 270; 2 *Kent Com.* 587; 1 *Esp. Rep.* 315; 2 *Stark. Ev.* 208, 526; 5 *Barn. & Cress.* 322; 11 *Com. Law Rep.* 245; 3 *East* 192; 3 *Taunt.* 264; 2 *Strange* 1099; 2 *Ld. Raym.* 909; 5 *Rawle* 179.

*M'Clure* and *M'Candless,* for defendant in error, cited *Story on Bailment* 293; 2 *Com. Law Rep.* 315; 7 *Cowan* 497; 1 *Salk.* 143; 3 *Taunt.* 264; 1 *Greenleaf* 27; *Bul. N. P.* 187.

The opinion of the court was delivered by

ROGERS, J.—A party is not competent to testify in his own cause, but, like every other general rule, this has its exceptions. Necessity either physical or moral, dispenses with the ordinary rules of evidence. In 12 *Vin.* 24, *pl.* 32, it is laid down, that on a trial at Bodnyr, *coram* Montagu, B, against a common carrier, a question arose, about the things in a box, and he declared, that this was one of those cases where the party, himself, might be a witness *ex necessitate rei.* For every one did not show what he put in his box. The same principle is recognized in decisions, which have been had on the statute of Hue and Cry in England, where the party robbed is admitted as a witness *ex necessitate. Bul. N. P.* 181. So, in Herman *v.* Drinkwater, 1 *Greenleaf* 27, a shipmaster having received a trunk of goods on board his vessel, to be carried to another port, which, on the passage he broke open and rifled of its contents; the owner of the goods proving the delivery of the trunk and its violation, was admitted as a witness in an action for the goods, against the shipmaster, to testify to the particular contents of the trunk, there being no other evidence of the fact to be obtained. That a party then can be admitted, under certain circumstances, to prove the contents of a box or trunk, must be admitted. But while we acknowledge the exception, we must be careful not to extend it beyond its legitimate limits. It is admitted from necessity, and perhaps on a principle of convenience, because, as is said in Vezey, every one does not show what he puts in a box. This applies with great force to wearing apparel, and to every article which is necessary or convenient to the traveller, which, in most cases, are packed by the party himself, or his wife, and which, therefore, would admit of no other proof. A lady's jewellery would come in this class, and it is easier to conceive than to enumerate, other articles which comes within the same category. Nor would it be right to restrict the list of articles which may be so

[Clark & Co. v. Spence.]

proved, within narrow limits, as the jury will be the judges of the credit to be attached to the witness, and be able in most cases, to prevent any injury to the defendant. It would seem to me, to be of no consequence, whether the article were sent by a carrier or accompanied the traveller. The case of Herman *v.* Drinkwater, I would remark, was decided under very aggravated circumstances, and was rightly ruled. But it must not be understood, that such proof can be admitted, merely because no other evidence of the fact can be obtained. For, if a merchant, sending goods to his correspondent, chooses to pack them himself, his neglect to furnish himself with the ordinary proof, is no reason for dispensing with the rule of evidence which requires disinterested testimony. It is not of the usual course of business, and there must be something peculiar and extraordinary in the circumstances of the case, which would justify the court in admitting the oath of the party.

The plaintiff in error complains of the charge, as to the *onus probandi.* In Platt *v.* Hibbard, 7 *Cowan* 501, it is ruled, that where property entrusted to a warehouseman, wharfinger, or storing or forwarding merchant, in the ordinary course of business, is lost, injured, or destroyed, the weight of proof is with the bailee, to show a want of fault, or negligence on his part, or, in other words, to show the injury did not happen in consequence of his neglect, to use all that care and diligence, on his part, that a prudent and careful man would exercise in relation to his own property. It is to be regretted that this is not the rule, but it seems to be contrary to the current of authority, as has been clearly shown by the cases cited at the bar. The rule is, that when a loss has been proved, or when goods are injured, the law will not intend negligence. The bailee is presumed to have acted according to his trust, until the contrary is shown. But to throw the proofs of negligence on the bailors, it is necessary to show, by clear and satisfactory proof, that the goods were lost, and the manner they were lost. All the bailee has to do, in the first instance, is to prove the contract and the delivery of the goods, and this throws the burthen of proof, that they were lost, and the manner they were lost, on the bailee, of which we have a right to require very plain proofs. 5 *Rawle* 179. The evidence here, as to the manner of the loss, is very uncertain. Indeed the probability is, that the box was, by mistake, delivered to the wrong person, in which case the bailee is clearly liable, for when goods are delivered to a wrong person, by mistake, the bailee is responsible for the loss, as upon a wrongful conversion. Lubbart *v.* Ingles, 1 *Stark.* 104. It is alleged by the bailee, the box was stolen; but of this, which is so material to the defence, we have slight and unsatisfactory proof. If such was the fact, it should be shown by evidence, which would leave little room for doubt.

Judgment affirmed.