## TAYLOR *a.* MONNOT.

*New York Superior Court ; General Term, December,* 1854.

INNKEEPER'S LIABILITY.—EVIDENCE.—TESTIMONY OF PLAINTIFF.

The case of Wintermute *v.* Clark, (5 *Sandf. S. C. R.* 242), approved.

*It seems,* that the liability of an innkeeper for the baggage of his guest, is not confined to personal baggage, but extends to all the property, which as the property of his guest, the innkeeper consents to receive.*

The guest is a competent witness in an action between himself and the innkeeper, to prove the character and value of the property lost, so far as it is personal baggage ; but so far only.

---

\* Compare Needles *v.* Howard, (1 *Smith's C. P. R.* 54).

Money in a trunk, not exceeding the amount reasonably required by the traveller to defray the expenses of the journey which he has undertaken, is a part of his baggage ;\* and in case of its loss, the plaintiff may prove its amount by his own testimony.

Verdict for plaintiff, subject to the opinion of the general term.

This action was brought to recover money stolen from the plaintiff's portmanteau, while he was staying as a guest at the New York Hotel, kept by the defendant.

The answer denied that the house kept by the defendant, was a common inn, averring that it was a boarding house. It also denied the loss alleged by plaintiff, and averred that if lost at all, the money was lost by the plaintiff's own negligence.

Upon the trial the plaintiff proved by the testimony of travelling companions, that on the 10th January, 1853, he put up at the defendant's hotel; that on the 11th, he locked the door of his room and went to dinner, and on his return, he found the door unlocked, the lock of his portmanteau broken open, its contents scattered about the room ; and also by the same testimony, that he had been accustomed to keep his money, which was mostly in gold, in his portmanteau. The testimony of the plaintiff was then offered, to show the contents of his portmanteau. It was objected to as incompetent, but admitted, and exception taken. It showed that among other articles in his portmanteau, was his purse, containing $353 24, which was stolen.

The defendant then offered to prove by the testimony of hotel keepers and others, that a portmanteau was an unsafe place in which to deposit money, at a hotel. The plaintiff objected, and the court excluded the evidence.

The jury, under direction of the court, found a verdict for the plaintiff for $384 80, the amount claimed, with interest, subject to the opinion of the court, on a special case, to be first heard at the general term.

*J. W. Edmonds*, for plaintiff.

*E. Logan*, for defendant.

---

\* But see Grant *a.* Newton, (1 *Smith's C. P. R.* 95). It was held in Duffy *a.* Thompson, decided in the New York Common Pleas, General Term, March, 1855, but not yet reported, that money carried in the trunk of a traveller while on a voyage to a foreign country, is a part of his baggage ; such a case not coming within the principle of Grant *a.* Newton.

Taylor *a.* Monnot.

DUER, J.—The question raised in the answer, and upon the trial, whether the hotel of the defendant is in judgment of law a common inn, was not pressed upon the argument before us, and so far as this court is concerned, must be regarded as settled by our decision, in Wintermute *v.* Clark, (5 *Sandf. S. C. R.*, p. 242). The cases in regard to this question are not distinguishable.

The liability of an innkeeper is by no means so restricted as that of a carrier of passengers. It is not confined to the personal baggage of the guest, but probably extends to all the property which, as belonging to the guest, the innkeeper consents to receive. Hence if in this case the plaintiff's loss and its amount had been proved by other witnesses than the plaintiff himself, not a reasonable doubt could have been stated as to his right of recovery. But if the testimony of the plaintiff must be rejected, it cannot be denied that the proof upon the trial was wholly insufficient to sustain the action. The case therefore turns entirely upon the question whether the plaintiff was properly admitted as a witness.

We are by no means prepared or disposed to say that in actions like the present, the plaintiff is a competent witness to prove the nature and extent of *his* loss, whatever may be the character or value of the property which it is alleged the loss involved. On the contrary, we are clearly of the opinion that his admissibility as a witness, rests upon the same ground, and is subject to the same limitation, as that of a passenger admitted to prove his own loss in an action against a carrier; and after a careful examination of the authorities, we think the law ought to be considered as settled, that in such cases, the passenger is, to some extent, a competent witness on his own behalf. He is so to prove the contents of a trunk lost or broken open, but only in respect to those articles which may be properly considered as a part of his personal baggage; that is, as intended for his personal use or accommodation. It is presumed that the contents of the trunk in respect to such articles, are known to the owner alone, and, consequently that were his testimony excluded, he would be without a remedy. He is admitted therefore as a witness to prevent *a failure of justice*—in other words, from a moral necessity. (12 *Viner*

*Abr.* p. 32. *Bull, N. P.* 181. *Story on Bailm.*, § 454, (*note*). 1 *Greenleaf on Ev.*, § 348, p. 417, *and note* 2. Sneider *v.* Geiss, 1 *Yeates*, 34. Herman *v.* Drinkwater, 1 *Green. R.*, 27. Clark *v.* Spence, 10 *Watts*, 335. Johnson *v.* Stone, 11 *Humphrey*, 419). It is plain that the same necessity exists when the traveller is a temporary guest at an inn, and equally so, that it extends no further in the one case than in the other.

It is insisted, however, that money in a trunk, although not exceeding in amount the sum which the traveller in good faith has judged to be necessary to defray his personal expenses, cannot properly be regarded as forming a part of his "baggage," in the limited sense of the term, and consequently that in respect to money, the testimony of the traveller, whether a passenger or guest, cannot be received to prove the fact, or the amount of his loss. But we think that Mr. Justice Nelson in delivering the judgment of the court in the case of the Orange County Bank *v.* Brown, (9 *Wend.*, 119,) laid down the true rule, namely : that money intended to defray the personal expenses of the traveller, may be justly included in the term "baggage," and we adopt the opinion not only as reasonable in itself, but as best sustained by the authorities. In the case of Coles *v.* Goodwin, (19 *Wend.*, 251), the trunk, for the loss of which, and its contents, the defendants, as carriers, were held to be liable, contained a small sum of money, which the verdict of the jury embraced, but which, had it not been considered as forming a part of the baggage" of the plaintiff, ought to have been, and, we must presume, would have been deducted from the judgment. It may be said, that in this case, the question as to the liability of the defendants for the money, was not distinctly raised ; but this exception cannot be taken to the case to which I shall next refer, in which the question whether money in a trunk, not more than sufficient for the traveller's expenses, may be considered as part of his *baggage*, was not only raised and argued, but, as we think, positively and affirmatively decided.

In this case, Weed *v.* The Saratoga and Schenectady R. R. Co. (19 *Wend.* 534), the verdict of the jury was rendered solely for a sum of money, ($285), contained in a trunk, which the defendants, as carriers, had lost, and their counsel upon the

trial, contended that they were not liable upon the grounds that they had received no reward for carrying the money, and that no notice had been given to them that any money was contained in the trunk. The judge overruled the motion for a nonsuit, and charged the jury, that if they were satisfied that the trunk had been committed to the care of the defendants, and was lost by them, the plaintiffs were entitled to recover, unless they should be of opinion that the amount of money in the trunk was so large as to render the want of notice a fraud upon the carriers, or *that it was more than a reasonable and sufficient sum for travelling expenses.* The jury having found a verdict for the plaintiffs, the defendant's counsel upon the exceptions which they had taken to the charge of the judge, moved for a new trial.

In delivering the opinion of the court upon this motion, Cowen, J. said, that the question whether the money in the trunk "was more than sufficient for travelling expenses, and so *not a part of the baggage,* had been left to the jury *in a shape as favorable to the defendant as the law would require, and perhaps more so ;*" and he referred in support of his opinion to the case of the Orange County Bank *v.* Brown, thus adopting the rule there suggested by Nelson, J., as that by which the court meant to be governed. The motion for a new trial was, however, granted; but granted upon the sole ground, that there was no such privity of contract between the parties as could entitle the plaintiffs, in their own names, to maintain the action. Although the money belonged to them, it was contained in the trunk of their clerk, who was travelling as their collecting agent, and was reserved by him for the expenses of his journey. Had the action been brought, as it ought to have been, in the name of the clerk, it is certain that judgment would have been rendered in his favor. We see therefore no reason to doubt that the decision of the Court upon the question we are considering, is entitled to the same weight and authority as if the action had been properly brought, and a judgment for the plaintiff actually rendered.

We cannot think that these authorities are countervailed or at all shaken by the doubts expressed by Mr. Justice Bronson in the case of Hawkins *v.* Hoffman, (6 *Hill,* 598). The learned

judge rested his doubts entirely upon the assertion that "men usually carry money to pay travelling expenses, about their persons, and not in their trunks and boxes;" but we have no knowledge, judicial or personal, of any such general usage as he supposes to exist. We are persuaded, on the contrary, that the usage varies according to the character of the journey, the sum necessary to be carried, and the personal habits of the traveller, and that in a large class of cases, including that now before us, the general usage, is directly opposite to that of which the existence is assumed. Foreign travellers in the United States, in order to save themselves from the embarrassments and losses they would otherwise incur from their ignorance of the local currency in the different States which they visit, usually take with them in specie the sums which they deem to be necessary for their personal expenses; and that it is safer, as well as more convenient, to carry a purse of gold or silver in a locked trunk, than about the person, we think will hardly be doubted. In the absence of proof to the contrary, we have no right to say that such is not the usage.

Since the case of Hawkins v. Hoffman, the exact question has arisen and been determined in the Supreme Court of Massachusetts, in the case of Jordan v. The Fall River R. R. Co., (5 *Cushing*, 69). The learned Judge who delivered the opinion of the court, reviews and examines the cases I have cited, and expressing his dissent from the views of Mr. J. Bronson, arrives at the conclusion, "that money in a trunk taken *bona fide* for travelling expenses and personal use, may properly be regarded as a part of a traveller's baggage, for the loss of which the carrier is responsible," and consequently to prove the loss of which the traveller is himself a competent witness. The like decision has been made by the Supreme Court of Tennessee, in two cases—Bomar v. Maxwell, (9 *Humphrey R.*, 61), and Johnson v. Stone, (11 *Humph.*, 419). In the last case, the plaintiff was admitted as a witness to prove the loss.

In the case before us, it was sufficiently proved, and was not denied upon the trial, that the money lost by the plaintiff, was intended for his personal expenses, nor was it asserted that it exceeded a reasonable amount for that purpose. Hence these questions were not submitted to the jury, nor was there any

exception to the charge of the judge, upon the ground of the omission.

The only exceptions that were taken in addition to that which we have considered and overruled, were to the refusal of the judge to submit to the determination of the jury, the question of negligence on the part of the plaintiff, and to his rejection of the offer to prove by the opinions of hotel-keepers and others, that the locked portmanteau of the plaintiff was an unsafe place for the deposit of his money. We are all of opinion that neither of these exceptions was well taken. No facts were proved from which the jury could have been warranted to infer that the plaintiff was guilty of any negligence, which contributed to the loss, and upon such a question, the opinions of witnesses ignorant of the facts, were certainly not admissible as evidence.

The plaintiff is therefore entitled to judgmen... dict as rendered.

## SLACK a. HEATH.

*New York Common Pleas ; General Term, March, 1:*

### PLEADING.—ACTION UPON UNDERTAKING.

Under the Code, the recitals of an instrument averred in a complaint to have been executed by the defendant, have the same effect as specific averments of the truth of the facts recited. *Woodruff, J. dissenting.*

It is improper to set up in an *answer* that the complaint does not contain facts sufficient to constitute a cause of action.

Where a statute prescribes the giving of an instrument, and its purport, it is consideration enough to support the instrument, that it was given pursuant to the statute, and has its sanction.

It is no objection to an undertaking given by the defendant for the return of specific personal property, which has been taken from him by requisition on the part of the plaintiff, that the undertaking purports to be given to the plaintiff, and not to the sheriff.

In an action against the sureties in such an undertaking, it is not necessary to aver the issuing of execution against the original defendant.

Appeal, upon a bill of exceptions.

This action was brought against John Heath and J. H. Col-