Halyard v. Dechelman.

———— ·•-0-•·—· ——

HALYARD, Appellant, v. DECHELMAN, Respondent.

1. A watchmaker who receives a watch to repair is bound to use ordinary diligence in its safe-keeping; if the watch while in his custody be stolen through his negligence he will be liable. A demand for the watch by the bailor would not in such case be necessary to entitle him to sue.

*Appeal from Weston Court of Common Pleas.*

This was an action to recover damages for the loss of a watch alleged to have been left with the defendant, a watchmaker and jeweller, for repairs. Plaintiff alleged that the watch, through the carelessness and negligence of the defendant, was lost, destroyed or stolen. The defendant in answer put in issue the ownership of the watch; admitted he had received a watch for repairs from a son of plaintiff, and alleges that his store was burglariously entered and the watch

stolen, with a number of others belonging to defendant, and without negligence on his part. Evidence was adduced showing the manner in which the watches were kept and the facts connected with the entry of the store and the stealing of the watch of plaintiff. The court, among other instructions, gave the following : " 1. The plaintiff is not entitled to recover without averring and proving a demand and a tender of the amount of repairs."

Plaintiff took a nonsuit, with leave, &c.

*J. N. & C. F. Burnes,* for appellant.

I. No demand was necessary. (Ross v. Clark, 27 Mo. 550.) There is no issue in the pleadings as to the repairs. The defendant neither alleges nor proves that he had made any repairs.

*Doniphan & Lawson,* for respondent.

Scott, Judge, delivered the opinion of the court.

A watchmaker, who receives a watch to repair for hire, is bound to use ordinary diligence for the safe keeping of the watch left with him for that purpose. Ordinary diligence is that degree of care in the preservation of a thing which a prudent father of a family would use for the safe keeping of it if it was his own. (Story on Bailments, § 429, 398.)

The law compels no man to do a vain and nugatory thing. As the watch had been stolen and never regained, a demand of it would have been an act of folly. It did not appear that any sum for repairs was due ; and if there had been, it would have been subject to the same law as the watch, being payable or not as the watchmaker was guilty or not of the want of ordinary diligence.

Reversed and remanded. The other judges concur.