HARRISON A. COWING, Respondent, v. ABRAHAM ALTMAN, Appellant.

Where a defendant does not accept an allegation of fact in the complaint, but gives evidence upon the trial in conflict with it, plaintiff is not precluded on appeal from claiming the fact to be as the evidence establishes it.

So, also, where the case is tried without reference to the pleadings, and no exception is taken raising the question that plaintiff is precluded thereby from showing the actual transaction, the question cannot be raised upon appeal.

Neither the fact that a check was dishonored when transferred, or that presentment for payment has been delayed, discharges the drawer. If dishonored, any defense thereto against the payee will be available against his transferee; but no presumption arises that over-due or dishonored paper is invalid. If loss results to the drawer by delay in presentment, that is matter of defense.

After a party has been permitted to examine a witness at length in reference to a transaction, it is in the discretion of the court to exclude further examination upon the subject, and its decision is not reviewable here.

(Argued November 24, 1879; decided December 9, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict and affirming an order denying a motion for a new trial.

This action was brought upon a check dated March 8, 1871, drawn by defendant upon the Third National Bank of Buffalo, payable to the order of Edwin A. Holbrook. It is reported upon a former appeal in 71 N. Y., 435.

The defense was that the check was given in contravention of the provision of the bankrupt act (§ 45) prohibiting officers of courts of bankruptcy from taking anything other than the fees allowed by the act.

The proof was, in substance, that Holbrook, the payee, was appointed assignee of a bankrupt, he accepting the appointment under an agreement on the part of the creditors to pay him $2,000 in addition to his fees. The firm, in which defendant was a partner, arranged with the creditors to buy up the

claims against the bankrupt. One of the conditions was that said firm should pay the $2,000. The check in suit was drawn for that purpose the day it bears date, and deposited with one Bowen to be delivered to Holbrook when he should be discharged as assignee. The check was delivered upon Holbrook's order to one Clark, May 2, 1872, and on that day it was delivered by him to the Marine Bank of Buffalo, to take up a note of the firm of Clark & Hazzard, which was delivered up on receipt of the check.

The further facts appear in the opinion.

*William H. Gurney*, for appellant. It was error to permit plaintiff to recover on facts not embraced within the issues, and in direct contradiction of his own complaint. (*Wright* v. *Delafield*, 25 N. Y., 366–369; *Furguson* v. *Furguson*, 2 Com., 360; *Kelsey* v. *Western*, 2 id., 500; *Baily* v. *Rider*, 6 Seld., 663; *Rome Exch. Bk.* v. *Eames*, 1 Keyes, 588; *Ryder* v. *Jenny*, 2 Roberts, 56; *McKinley* v. *Morris*, 21 How. [U. S.], 343, 348; New Code, § 522; *Paige* v. *Willett*, 38 N. Y., 28; *Thorp* v. *Keokuk Coal Co.*, 48 id., 253.)

*Sherman S. Rogers*, for respondent.

*Per Curiam.* Upon the former appeal in this case (71 N. Y., 435), it was held that, upon the facts there appearing, the check did not have an inception until the 3rd of May, 1872, when it was delivered by the depositary to Holbrook, the payee, and that the Marine Bank became a *bona fide* holder of the check by the transfer from Clark & Hazzard in payment of a note held by the bank against that firm, and was entitled to enforce the check notwithstanding the illegality of the consideration between the original parties.

The facts shown on the last trial bearing upon the principal point determined, were substantially the same as upon the former trial, and the case in this respect is governed by our former decision.

It is now claimed that the plaintiff is precluded from claiming that the check was not transferred to Holbrook until the 3rd of May, 1872, by the allegation in the complaint which after stating the making of the check on the 8th of March, 1871, alleges that the " defendant thereupon subscribed the draft or check and delivered it to said Holbrook."

There are several answers to this position. In the first place, the defendant on the trial gave evidence tending to show that the check was obtained by Holbrook on the 3d of May, 1872, from the depositary with whom it was left, to be delivered on Holbrook's obtaining his discharge as assignee. The defendant did not accept the statement in the complaint as to the time when Holbrook received the check, but gave proof to establish affirmatively that it was delivered to him on the 3d of May, 1872. In the second place, the case was tried upon the merits without reference to the pleadings and no exception was taken, raising the question that the plaintiff was concluded by the pleadings from showing the actual transaction, and that Holbrook did not acquire title to the check until its delivery to him by the depositary.

Some other points are made which will be briefly considered. 1st. The plaintiff after proving the signature and indorsement of the check and presentment, demand and notice on the 3d of May, 1872, rested. The defendant thereupon moved for a nonsuit on the ground that the check was presumptively dishonored when received by the plaintiff, and on the further ground that the drawer was discharged by the delay in presentment. Neither ground was tenable or justified a motion for nonsuit. No defense to the check had been shown, and neither the fact that the check was dishonored when the plaintiff received it, nor that presentment had been delayed, discharged the drawer. If the check was dishonored when it was transferred by Holbrook any defense thereto in his hands would be available against his transferee, but no presumption arises that over-due or dishonored paper is invalid. And it is a sufficient answer to

the other ground upon which the motion was made that if loss resulted to the defendant from delay in presentment, this was matter of defense.

2nd. The court permitted the defendant to inquire at length, on the examination of the witness Janes, a former plaintiff, in respect to the circumstances under which he took the check, the consideration which he gave and his pecuniary condition, and after a lengthy examination upon these points, interposed and excluded further examination of the witness upon the subject. This was a matter in the sound discretion of the court which cannot be reviewed here.

3rd. The exception to the offer to show by the witness Locke what Holbrook suggested to him as to the transfer of the note was not well taken. The communication, if it could be deemed of any importance, was made by Holbrook to the witness while the latter was acting as his counsel and was confidential. Moreover it subsequently appeared on his examination that the transfer was not made at Holbrook's suggestion. The fact that the witness had communication with Holbrook, in respect to the litigation fairly appeared from the evidence given. What Holbrook said to his counsel was inadmissible.

We think no error was committed on the trial, and the judgment should be affirmed.

All concur.

Judgment affirmed.