KNELL *et al. v.* STEPHAN *et al.*

(*Supreme Court, General Term, Fifth Department.* October 21, 1892.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

Where proof of judgment recovered, and execution to the proper county returned unsatisfied, was given in an action in the nature of a creditors' bill, and no objection was made on the trial to the sufficiency of the evidence as a foundation for the action, and the referee found the facts in accordance with such evidence without exception being taken thereto, the sufficiency of the evidence cannot be questioned on appeal.

Appeal from judgment on report of referee.

Action in the nature of a creditors' bill by Louis Knell and others against William Stephan and others. From a judgment entered in Cattaraugus county in favor of plaintiffs, defendants appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*William H. Henderson*, for appellants. *C. S. Carey*, for respondents.

DWIGHT, P. J. The action was in the nature of a creditors' bill to reach the interest of William Stephan, the judgment debtor, in lands and their avails alleged to have been conveyed and turned over to his wife, the defendant Mary Stephan, in fraud of creditors of the former. The defendants object, on this appeal, that the proper foundation for a creditors' bill was not laid by proof of a judgment and execution returned unsatisfied. No such objection was specifically made at any time, on the trial. There is in the record before us, of the evidence taken on the trial, an abstract of the judgment and execution alleged in the complaint, including date of the recovery and docketing of the judgment in Erie county, and of its docketing in Cattaraugus county, where the land was situated; also of the issue of an execution to the sheriff of the latter county, and of its return unsatisfied. This evidence was not objected to, nor was the objection made at any time that there was not competent and sufficient proof of judgment recovered, and execution to the proper county returned unsatisfied, before the commencement of the action. There was a motion for a dismissal of the complaint at the close of the plaintiffs' case, but the objection above mentioned was not specified, nor was it included in any ground of the motion as made, except the statement that "the plaintiffs have failed to prove a cause of action." The objection was not sufficient. The evidence in question—though informal—was evidently received and treated as sufficient, and as establishing, without dispute, the facts to which it related. The referee found those facts in accordance with the evidence so received, and there was not even an exception by the de-

fendants to such finding, which, upon the theory of the objection now made, was without any evidence to support it, and therefore subject to exception. Code Civil Proc. §§ 992, 993. It is too late, upon the argument of this appeal, to object to the insufficiency of evidence, which was received without objection, and treated throughout the trial as establishing an essential fact in the case. Other material facts in the case were found upon evidence mainly circumstantial, and consisting largely of inferences drawn from the testimony of the defendants themselves, which yet was sufficient to satisfy the mind of an astute and careful referee, and which, we are bound to say, was well calculated to produce that effect. The findings of fact in this case cannot be disturbed as unsupported by the evidence, and the conclusions of law and directions for judgment are in accordance with the facts found. The judgment should be affirmed.

Judgment appealed from affirmed, with costs. All concur.