BYRON H. SYKES, Respondent, *v.* ABRAM TEMPLE, Appellant.

*Liability on a note signed by another as agent — payment of subsequent notes similarly signed, as evidence of liability.*

On the trial of an action brought against one Temple as the maker or principal of a note signed "A. L. Fogg, Agent," in which the question was whether the note was or was not the defendant's note, the plaintiff was permitted to show that the defendant subsequent to the giving of the note in suit paid other notes similarly signed. The fact of the payment of subsequent notes and the defendant's liability thereon was conceded.

*Held,* that for the purpose of showing that a sale, to the defendant, of a stock of goods which formed the consideration of the note in suit was an actual transfer, and that consequently it was probable that the note given for the purchase price was the defendant's, it was competent to show that the defendant, after his purchase of said goods, through Fogg, conducted the business and paid notes for debts contracted by "A. L. Fogg, Agent;" and that, as the defendant's liability upon the subsequent notes was conceded, the reception of the evidence could produce no injury to him.

An error, if any, in the admission of evidence of a conversation in relation to undisputed facts in the case, *held,* not material and, hence, not a ground for reversal.

APPEAL by the defendant, Abram Temple, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Washington county on the 14th day of July, 1892, upon the report of a referee.

The action was brought to recover money which the plaintiff had been compelled to pay as indorser of a note, which was signed by F. W. Fogg in the name of "A. L. Fogg, Agent," and as to which the plaintiff claimed that the defendant was the principal or maker.

*J. Sanford Potter,* for the appellant.

*Jurden E. Seeley,* for the respondent.

PUTNAM, J.:

We are satisfied, after a careful examination of the evidence, that the conclusion reached by the referee on the question of fact presented to him cannot be disturbed.

Plaintiff testified that before indorsing the note described in the complaint, defendant said he was the principal on the note and the rest were to indorse it. The referee believed this statement as he

had the right to do. The conceded facts of the case tend to show the truth of plaintiff's testimony. The note was given for the purchase price of a stock of goods transferred by Getty to defendant and which goods were used in the business that defendant concedes he afterwards carried on as principal.

It was, therefore, probable that the note made to pay for the goods so transferred to defendant was made by him. It follows that the judgment should be affirmed, on the opinion of the referee, unless some exception taken on the trial requires a reversal.

It is claimed that the referee erred in receiving testimony showing that defendant subsequent to the giving of the note in question paid other notes similarly signed " A. L. Fogg, Agent." That evidence of such similar transactions, they being subsequent to said note, should not have been received.

The question in the case was whether the note signed "A. L. Fogg, Agent," on which defendant was sought to be charged, was or was not defendant's note. As bearing on that disputed question it was not improper to receive evidence showing that the consideration of the note was a stock of goods sold to defendant, and that such transfer was actual and not colorable. To that end it was competent to show that defendant, after his purchase of said stock of goods through Fogg, conducted the business and paid debts contracted by the latter. The payment by defendant of notes and accounts contracted by "A. L. Fogg, Agent," tended to show that defendant carried on the business, and hence that his purchase of the goods was actual and not colorable, and this fact rendered it probable that the note given for the purchase price of the goods was his. But the fact of the payment of subsequent notes made by "A. L. Fogg, Agent," and defendant's liability thereon, was conceded on the trial. The defendant testified (omitting such portions of his testimony as were objected to) as follows, viz.: " I consented to become the principal in the business, and from that time until I sold out the store I was principal. * * * Fogg carried on the business, I being the principal, for about two years, and during that time Fogg incurred liabilities for goods. * * * In the name of A. L. Fogg, Agent. * * * I supposed I was liable for them. These liabilities were part in notes signed, 'A. L. Fogg, Agent,' and part in

accounts that he had incurred in that name." Thus the fact of the liabilities of the defendant upon subsequent notes was conceded on the trial, and the reception of the evidence objected to by defendant could produce no injury to him.

It is also claimed that the referee erred in overruling objections to testimony of the witness Baker, as to conversations with Temple and Goodman. We think the testimony of the witness as to conversations with Temple was properly received as tending to impeach Temple. The conversation with Goodman detailed by the witness only related to the undisputed fact of the agreement that defendant should be principal of the store, and as to the bill of sale being made to him. Hence, the error, if any, was not material and is not a ground for reversal. (*Wright* v. *Reusens*, 133 N. Y. 306.)

The judgment should be affirmed, with costs.

HERRICK, J., concurred.

Judgment affirmed, with costs.