DORA DAUSCHA, Appellant, *v.* JOHN L. BROWER and BENJAMIN FARRINGTON, Respondents.

*Appeal — no reversal in civil actions for errors in the charge to the jury, in the absence of exceptions — a request to go to the jury on all the issues is not sufficient.*

It is a settled rule that on review, cases will be considered on the theory on which they were tried. The court may err in its charge in civil cases, but a reversal cannot be had in the absence of an exception.

Upon the trial of an action brought against a sheriff and continued against his indemnitors, it appeared that on August 6, 1889, one Buehring executed and delivered to the plaintiff a bill of sale of certain personal property, described in a schedule, which purported to assign all such property and all Buehring's right, title and interest therein and thereto.

The plaintiff entered into the possession of such property, and subsequently a creditor of a lithographic publishing company caused an attachment to be levied thereon, claiming it to be the property of his debtor.

The defendant proved the incorporation of the lithographic company under the laws of the State of Illinois, and Buehring testified that the property in dispute belonged to that corporation at the time of the execution of the bill of sale. Written evidence was also admitted; for the creation of which Buehring was responsible, which tended to contradict his testimony in regard to the ownership of such property.

The counsel for the defendant, on his motion to dismiss the complaint, assumed that there was no dispute as to the ownership of the property, and his statement was not controverted. The plaintiff's counsel asked leave to go to the jury on the question as to whether the bill of sale was given by Buehring individually or on behalf of the corporation, and "on all the issues in the case and on the issue of the good faith of our purchase from Buehring individually, or president of the company."

There was no question as to the good faith of the plaintiff, and upon the conclusion of the evidence the court directed a verdict for the defendants.

*Held,* that the question could properly have been submitted to the jury as to whether Buehring or the lithographic company was the owner of the property, but having failed to apprise the trial court of such issue when the situation called upon him to do so, the plaintiff could not insist on appeal that the court committed an error ;

That, under the circumstances, the request to go to the jury on all the issues was insufficient. (FOLLETT, J., dissenting.)

APPEAL by the plaintiff, Dora Dauscha, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the city and county of New York on the 22d day of November, 1892, upon a verdict directed by the court at the New York Circuit, and from an order made on the 14th day of November, 1892, denying the plaintiff's motion to set aside the verdict and for a new trial upon the minutes and the exceptions in the case.

*John Fennel,* for the appellant.

*Charles De Hart Brower,* for the respondents.

PARKER, J. :

August 6, 1889, Fred Buehring executed and delivered to the plaintiff a bill of sale of the personal property which is the subject of this controversy. It purported to assign "all the property described in the annexed schedule and all my right, title and inter-

est therein and thereto, as also the good will of, and to The American Lithographer and Printer, and the Directory of the Lithographic and allied trades, etc., now being published, issued and circulated by me, under the name of the Lithographic Publishing Company."

Plaintiff entered into possession.

Subsequently a creditor of the " Lithographic Publishing Company" caused an attachment to be levied upon the property described in the bill of sale, claiming it to be the property of its debtor.

Thereupon this action was commenced against the sheriff, and has been continued against his indemnitors who have been substituted as defendants in his stead.

On the trial the defendant proved the incorporation of the " Lithographic Publishing Company" under the laws of the State of Illinois, and Buehring testified that the property in dispute belonged to that corporation at the time of the execution of the bill of sale.

While no oral testimony was presented contradicting Buehring in such respect, there was written evidence, for the creation of which he was responsible, which tended to contradict him.

And, after examining and considering all the evidence in the case, the conclusion is reached that it could properly have been submitted to the jury to say whether Buehring or the "Lithographic Company" was the owner, with directions to render a verdict in favor of plaintiff or defendant as they should find upon that question.

But the case does not appear to have been tried by the plaintiff upon that theory, nor does it appear that his counsel suggested to the court that there were facts and circumstances proven, which so far contradicted the testimony of Buehring as to present a question for the jury as to the ownership of the chattels.

The counsel for the defendant on his motion to dismiss the complaint assumed there was no dispute as to the ownership of the property, and his statement does not seem to have been controverted.

Had the plaintiff asked leave to go to the jury on the question of fact which we have suggested, a denial of his motion would have been error. If the request had been made it would doubtless have been granted.

Instead, counsel said, " I ask leave to go to the jury on the question

of fact, as to whether this bill of sale was given by Mr. Buehring individually or in behalf of the corporation."

There was no dispute whatever in that respect. The writing tells the whole story, and the only questions arising from it are for the court.

His request continued, "I also ask for leave to go to the jury on all the issues in the case, and on the issue of the good faith of our purchase from Buehring individually or president of the company."

The good faith of the plaintiff was not questioned.

There was an issue which could have been presented, as we have already pointed out, but it was not in the mind of the counsel and, therefore, not suggested. Now, having failed to apprise the trial court of it when the situation called upon him to do so, he cannot insist that the court committed an error.

It is a settled rule that on review, cases will be considered on the theory on which they were tried. The court may err in its charge in civil cases, but a reversal will not be had in the absence of an exception. Why? Because the exception would have pointed out the error, and thus the court would have had an opportunity to correct it. So an exception taken to an adverse ruling, where the question was objectionable, and a specific ground of objection, but not the proper one, was assigned, will not avail the objector, for the court is only chargeable with the duty of rightly determining the points presented.

Similar illustrations, all leading to the same result, can be multiplied. None in opposition to that general rule can be cited. Cases may be found which have been reviewed where there was only a general request to go to the jury. But they will be found to be cases in which either the point was not taken that the issuable fact was not presented to the mind of the court, or the general request stood alone, and was thus deemed to have raised the presumption that the specific question was presented — a presumption which cannot stand against overwhelming evidence to the contrary.

Here it does not stand alone. It forms part of a sentence in which is presented a request to go to the jury on a specific question, and is sandwiched between two specific requests. Clearly it was made use of because a convenient formula to be employed in the absence of ideas. From the beginning to the end of the record

there is nothing to suggest that counsel even suspected the issue which we have asserted. Certainly the evidence is overwhelming that he did not suggest it, and it overbears the presumption, if any arose from the general request made, to the effect that the point now relied upon was before the court.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., concurred; FOLLETT, J., dissented.

Judgment affirmed, with costs.