CULLEN, J.
This action is to recover for dredging and excavation done by the plaintiff for the defendant. The dredging was done in the excavation of a canal and basin on defendant’s meadow. The employment of the plaintiff, and the amount of work done by him, are not in dispute. Both parties assert that there was an oral contract between them for the excavation of the whole canal and basin. They agree on the price to be paid,, which was twelve and one-half cents a yard. The vital dispute-between them is as to what depth the canal and basin were to be-excavated; the plaintiff insisting that he was to excavate only to-where hard bottom was found, and the defendant contending that the plaintiff was to excavate to a uniform depth of nine feet, regardless of the character of the material to be excavated. During the progress of the work the defendant made certain payments or advances to the plaintiff on account of the work. The action is-to recover the balance due. On the trial it was conceded that the-plaintiff’s agreement was an entire one, that is, to do all the excavation requisite for the canal and the basin. The question, therefore, litigated was, what were the terms of the contract between the parties? and whether the plaintiff had substantially performed it. The cause was submitted to the jury, under a charge by the-court that the plaintiff must satisfy them that he had substantially performed his contract, and, if he failed so to do, he was entitled to recover nothing for the work done by him. The defendant makes no complaint of the manner in which the issue was submitted to the jury. His principal point urged on this appeal is that the verdict of the jury, on these issues, was against the-weight of evidence. As to this, we can only say that a careful re *639 view of all the testimony satisfies us that there was a fair conflict of fact between the parties, the evidence to support which, oa neither side, was so overwhelming as to justify the court in setting aside the determination the jury might make of the question.' * The exceptions taken by the defendant to the rulings of the-court admitting or excluding evidence care without merit, and require no discussion. There were, however, two requests to charge which the court refused. The rulings require examination.
The court was asked to charge that, if the plaintiE had failed to substantially perform his contract, the defendant was entitled to recover all amounts he had paid the plaintiE on account of thecontracto We can find no authority for this proposition, and believe it to be essentially unsound. If a party fails to perform a; contract, the other party is entitled to recover damages for its breach. The ordinary rule of damages, in a case of a breach of », contract, is the expense or cost of performance, with of course, in certain cases, the damages occasioned by delay, or other special damage. " But where one party has paid in advance either the whole or part of the consideration on his part, his right to recover-back such payments, on default by the other party in the performance of the contract, does not proceed on the ground that such payment is the measure of damages for the breach, but on the theory of a rescission of the contract by the party not in default, or because the consideration for the payments has failed. “Generally,, no contract can be rescinded by one of the parties unless both be restored to the condition in which they were before the contract, was made. If, therefore, one of the parties has derived an advantage from a partial performance, * * * he cannot hold this, and consider the contract as rescinded because of the nonperformance-of the residue, but must * * * seek his remedy in damages.” 2 •Bar. Cont. 679. So, also, if the party not in default proceeds on the theory that the consideration for his payments has failed, he may doubtless maintain his action, but he is not entitled to recover, except to the extent that the consideration has falied. Nowhere-has the law been held more strictly, that a party must substantially and completely perform his contract, or recover nothing, than-in this state. Smith v. Brady, 18 N. Y. 173; Champlin v. Rowley, 13 Wend. 258. In the latter case, which is frequently referred to-as a decisive declaration of this doctrine, the plaintiE had made an agreement to sell and deliver 100 tons of hay at a specified-price,—$100 in advance,—the remainder when the delivery was completed. He delivered fifty-two tons, and failed to deliver the remainder. It was held he could not recover. It is said by Nelson, J.: “Unless we are at liberty to make a contract for these-parties, it is perfectly clear that, beyond the $100 which was to be-paid in advance, the defendant is not bound to make any payment-towards the hay until the whole quantity has been actually received by him,”—a clear admission of the right to retain the $100-paid. In the present case, in case of failure on .the part of the plaintiE to perform his contract, the defendant had doubtless the right to recoup, either by way of set-o.fi or counterclaim, the expense or cost of completing the contract over the contract price *640 together with any loss or injury for the delay. But to entitle him to recover back his payments, either in whole or in part, he was bound to show that the work done was of no value to him, or of less value than the amount paid. The evidence shows the fact to be the exact reverse.- It is not pretended that all the work done, by the plaintiff was not necessary and proper, but the claim is that he should have more. We are therefore of opinion that the rule which the court was thus asked to charge, without qualification or condition was properly refused.
The second request was “that if the.jury shall find from the evidence that plaintiff did not fairly and substantially perform the contract, in all its parts, defendant is further entitled to recover from plaintiff such damages-as the jury shall find from-the evidence to have heen sustained by defendant by reason of such nonperformance by the plaintiff.” As an abstract proposition of law, this request was undoubtedly correct, and the refusal to charge it would have been error if there was any evidence in the case from which the jury could have ascertained defendant’s damages. We have looked through the case in vain for such evidence. The agreement was to pay for the excavation a specified price per yard. The plaintiff stopped work when he reached hard bottom, claiming that such was his contract. The defendant claimed that the plaintiff should have excavated to a depth of nine feet, regardless of the material to be excavated. If the defendant was right as to the terms of the contract, he was undoubedly entitled to recover, as damages for its breach, the difference between what the excavation of the hai'd bottom would cost and what the plaintiff had agreed to do it for, but there is no evidence in the case of what the cost of such work would be. The only approach to it is the testimony of the defendant that, subsequently to the plaintiff leaving the work, he (defendant) had the basin and channel deepened at a cost of $1,600.' There is no evidence to show whether this deepening was requisite to carry the excavation to the prescribed depth, of nine feet, nor how many yards of material were excavated, nor the price paid per yard. For aught that appears, it may be the work was done at a less cost than that prescribed by the contract. There was therefore nothing in the case on which the jury could give the defendant an affirmative judgment for damages.
There is a further answer to the defendant’s claim of alleged error in respect to these refusals to charge. The case was submitted to the jury under the’ instruction that, unless the plaintiff had substantially performed his contract, he could recover nothing. As the jury rendered a verdict for the plaintiff, it was necessarily determined that the plaintiff had performed his contract, and therefore any instructions or refusals to instruct, in case the jury found that the plaintiff had not performed his contract, became immaterial.
The judgment and order denying motion for a new trial, appealed from, should be affirmed, with costs.
BROWN, P. J., and BARTLETT and HATCH, JJ., concur; PRATT, J., dissents, without opinion.