(3 App. Div. 361.)

MERRILL v. BISCHOFF et al.

(Supreme Court, Appellate Division, Second Department. April 14, 1896.)

1. MORTGAGE—FORECLOSURE—PARTIES.
    A mortgagee who has assigned the debt and mortgage is a proper, though not a necessary, party to an action by the assignee to foreclose.

2. SAME—COSTS.
    No costs should be awarded the plaintiff, on an answer admitting the assignment, where no relief is asked against him.

Appeal from special term, Kings county.

Action by Samuel D. Merrill, as general guardian of Irene C. Merrill and William J. Merrill, against Henry Bischoff, impleaded with others. Order for judgment for plaintiff, and defendant Bischoff appeals. Modified.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Ira Leo Bamberger, for appellant.
John Brunnemer, for respondent.

PER CURIAM. The complaint demanded no relief against the defendant Henry Bischoff. It stated facts showing that he was the

original mortgagee, to whom the bond and mortgage were delivered; that, subsequently, he entered into an agreement with the defendant Herman Reiners, to whom the property had been conveyed, whereby he extended the time for the payment of the moneys secured by the mortgage; and that, still later, and on or about the 18th day of December, 1894, by a deed of assignment bearing date on that day, he "duly assigned said mortgage, together with said bond or obligation, to this plaintiff, and therein covenanted that the sum of $3,000, with interest thereon from November 1, 1894, was unpaid and owing thereon." There is no other allegation in the complaint in reference to the appellant.

By his answer, the defendant Henry Bischoff admitted that he assigned and transferred the bond and mortgage as alleged in the complaint. It was, doubtless, the object of the plaintiff, in making him a party, to procure this admission, either expressly, in the answer, or by the failure of the defendant Bischoff to plead at all. For this purpose he was a proper party to the action, although not a necessary party. His admission of the allegation that he had assigned and transferred the bond and mortgage, as alleged in the complaint, left him without any defense to the plaintiff's cause of action; and the court at special term was therefore right in holding that the answer constituted no obstacle to the rendition of judgment in favor of the plaintiff. We are of the opinion, however, that the order should not have awarded any costs to the plaintiff, inasmuch as the answer was a benefit, instead of an injury, to him.

Order affirmed, except the provision as to costs, which is reversed. No costs of appeal.