(18 Misc. Rep. 202.)

## KAFKA v. LEVENSOHN.

(Supreme Court, Appellate Term, First Department.   October 29, 1896.)

1. APPEAL—OBJECTIONS NOT RAISED BELOW.
    An objection that plaintiff in an action on an assigned claim proved no assignment cannot be first taken on appeal.

2. PLEADING—VARIANCE—WAIVER.
    In an action to foreclose a workman's lien under Code Civ. Proc. § 1737, on goods of defendant retained by plaintiff, a motion to dismiss on the ground that the goods were relinquished by plaintiff on the trial was properly denied where the goods were delivered to defendant pursuant to a direction of court given without objection, and the summons and complaint were by consent amended so as to set up a claim for labor performed, and the trial proceeded on the amendment.

3. MOTION TO DISMISS—SUFFICIENCY OF GROUNDS.
    A ground of motion to dismiss a complaint, that plaintiff failed to prove the cause of action alleged, is too general to be available.

4. PARTNERSHIP—ACTIONS—PROOF.
    Where the firm title of defendant was merely a name which he used in conducting an individual business, plaintiff was not required to prove a partnership.

5. APPEAL—REVIEW—OBJECTIONS.
    Defendant cannot urge on appeal that the judgment was without evidence, or against the weight of evidence, where no motion was made on the close of the case to dismiss.

6. SAME—WEIGHT OF EVIDENCE.
    Where the issue was sharply litigated, the decision thereon of the trial justice will not be disturbed on appeal.

7. BAILMENT FOR HIRE—LIABILITY FOR LOSS.
    One to whom cloth was delivered to be made up into coats is not liable for the loss of the coats by a burglary of his rooms, committed after he had notified the owner to call for them.

8. SAME—EFFECT OF LOSS ON BAILEE'S RIGHTS.
    One to whom cloth was delivered to be made up into coats is entitled to recover for his services though the coats were stolen from his rooms, where he was without fault, and after he had notified the owner to take them away.

9. SAME—DEPOSIT FOR REDELIVERY—FORFEITURE.
    One to whom cloth was delivered to be made up into coats was entitled, on finishing the coats, to recover a deposit left by him with the owner as indemnity against loss resulting from his own misconduct respecting the property, though the coats were lost through a burglary of his rooms, he being without fault.

Appeal from Fourth district court.

Action by Isaac Kafka against Louis Levensohn.   There was a judgment in favor of plaintiff, and defendant appeals.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Benno Loewy (Thomas Darlington, of counsel), for appellant.
A. H. Sarasohn, for respondent.

McADAM, J.   The action was originally brought to recover for work, labor, and services in making up 488 men's coats at the agreed price and of the reasonable value of 50 cents per coat, making $244. On account of this sum the plaintiff received $82, and this, together with $2.43 for insurance, having been deducted, left a balance of $159.57, the amount originally sued for.   It appeared that the 488

coats came in four lots, of 221, 100, 50, and 117, respectively; that the two first lots had been delivered, while the third lot had been stolen from the plaintiff after the goods were made up ready for delivery; that the defendant threatened to hold plaintiff for the 50 coats, whereupon the plaintiff retained the fourth lot by virtue of his common-law lien as a workman, and by the action he undertook to foreclose this lien, according to section 1737 of the Code. While the cause was on trial the justice adjourned the further hearing, with instructions to the plaintiff to deliver the goods in his possession to the defendant. No one objected to this course. Indeed, it seems to have been assented to by both parties, for the plaintiff acted on the instruction by delivering the 117 coats to the defendant, and the latter acted upon it by accepting the delivery; and on the adjourned day the summons and complaint were by consent amended by claiming for work, labor, and services, and increasing the amount asked for to $250, to embrace a second cause of action for the recovery of $100 deposited with the defendant at the time the work was received, for the faithful performance of the plaintiff's contract and the return of the property. The trial thenceforth proceeded under this amendment, so that the justice might adjudicate upon all the differences between the parties. The answer is a general denial, with a counterclaim for $175.50 for detention of property, which on consent was also increased by amendment to $250. The $100 referred to was deposited under an agreement in the following words:

"New York, November 7, 1895.

"Received $100 deposit from Jacob Kafka, for Isaac Kafka, for work which he will make for us, and that such work must be delivered all on premises before the returning of the above. Furthermore, any damages caused by Isaac Kafka, for who this deposit was placed in my hands, be responsible with Jacob Kafka, and be deducted from deposit unless he has such money due him, from which it can be deducted."

The plaintiff alleged an assignment to himself from Jacob Kafka, but on the trial no assignment was proved. No objection, however, was taken at the trial, and none can be taken now. Walton v. James, 11 Wkly. Dig. 508; Austin v. Burns, 16 Barb. 643.

When the plaintiff rested his case the defendant moved to dismiss the complaint upon the grounds—First, that, since the goods had been relinquished by the plaintiff, the action to foreclose the lien failed; second, that the plaintiff had failed to prove a cause of action; and, third, that the plaintiff had failed to prove the partnership of the defendant.

1. It is unnecessary for us to consider whether the plaintiff, after having surrendered the coats, could foreclose his lien upon them. McCaffrey v. Wooden, 62 Barb. 316; Bigelow v. Heaton, 4 Denio, 496; Railroad Co. v. Sage, 35 Hun, 96. The parties, by their amendment and by their subsequent conduct in the proceedings, concluded themselves, and in effect assented that the action proceed as if the 117 coats in respect to which the lien was claimed had been delivered before the commencement of the action. The trial proceeded upon a money demand, and the justice rendered a money judgment only. It has been established by a series of decisions that: (1) Where a

party, by not objecting or otherwise, consents to litigating questions not technically within the issues, he will not on appeal be heard to complain that the recovery was not upon the cause of action specifically alleged in the complaint. Hoff v. Coumeight (Com. Pl.) 35 N. Y. Supp. 1052; Cowing v. Altman, 79 N. Y. 167; Wellington v. Morey, 90 N. Y. 656; Knapp v. Simon, 96 N. Y. 284; Tarbell v. Shipping Co., 110 N. Y. 170, 17 N. E. 721; Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910; Wells v. Association, 120 N. Y. 630, 633, 24 N. E. 276, 277; Berner v. Kay, 14 Misc. Rep. 1, 35 N. Y. Supp. 181; Balz v. Shaw, 13 Misc. Rep. 181, 34 N. Y. Supp. 5; Orvis v. Curtiss, 12 Misc. Rep. 434, 33 N. Y. Supp. 589; Hamilton v. Dinniny (Sup.) 30 N. Y. Supp. 519; Curtis v. Manufacturing Co., 7 Misc. Rep. 316, 27 N. Y. Supp. 901; Dauscha v. Brower, 72 Hun, 221, 25 N. Y. Supp. 361. (2) Facts assumed are regarded as proved or admitted. Todd v. Nelson, 109 N. Y. 324, 16 N. E. 362; Wait, Law & Prac. (3d Ed.) 636. (3) The appellant is bound by the course of trial below, and cannot on appeal be permitted to assume an attitude inconsistent therewith. Fay v. Muhlker, 1 Misc. Rep. 324, 20 N. Y. Supp. 671; Witmark v. Railroad Co., 149 N. Y. 393, 399, 44 N. E. 78, 79; Werner v. City of Rochester, 149 N. Y. 563, 565, 44 N. E. 300; McKeon v. See, 51 N. Y. 300.

The Code (section 2943, made applicable to district courts by Consolidation Act, § 1347) provides that "a variance between an allegation in a pleading and the proof, must be disregarded as immaterial, unless the court is satisfied that the adverse party has been misled thereby, to his prejudice." See, also, Baylies, Trial Prac. 212. A question of variance not raised at the trial cannot be considered on appeal. Laughran v. Smith, 75 N. Y. 205, 211.

2. The second ground assigned for dismissal, that the plaintiff has failed to prove the cause of action alleged, is too general to be available. It fails to point out any specific defect in the proofs. Baylies, Trial Prac. 226; Flandrow v. Hammond, 148 N. Y. 129, 42 N. E. 511; Knell v. Stephan (Sup.) 20 N. Y. Supp. 393.

3. The final ground is the failure to prove the partnership of the defendant. This is without merit, for the reason that the defendant testified that the firm title, "H. Friedlander & Co.," was a mere name, which he used in conducting an individual business of his own, and that he alone was the firm. In other words, the defendant composed the partnership, and no one could have been joined as a co-defendant with him.

No motion to dismiss was made on the close of the case, and the defendant cannot be heard to allege on appeal that the judgment was without evidence, or against the weight of evidence. See cases collated in Baylies, Trial Prac. 220; Sullivan v. Brooks, 10 Misc. Rep. 368, 31 N. Y. Supp. 36; Dearing v. Pearson, 8 Misc. Rep. 269, 28 N. Y. Supp. 715.

The question was sharply litigated whether the plaintiff was entitled to recover the reasonable value of the work done, or whether there was a special contract to do it at a lower sum than the plaintiff charged. The justice saw the witnesses and observed their manner of testifying, and was best qualified to judge of their credibility,

aided by the inherent probabilities of the case.    He found that there was no contract price, and awarded the plaintiff the reasonable value of the services.    The case comes within the rule laid down in Baird v. Mayor, etc., 96 N. Y. 567, 577, as to the effect which should be given by an appellate tribunal to the special adaptation of the trial court to weigh conflicting statements and inferences where there is evidence on both sides.    See, also, Coldwell v. Sullivan, 3 App. Div. 361, 38 N. Y. Supp. 291.    In Layman v. Anderson, 4 App. Div. 128, 38 N. Y. Supp. 886, the court said:

"Upon an examination of all the evidence we may say that we would have been better satisfied had the verdict been the other way. The balance of probabilities impresses us as inclining in favor of the defendant's claim. But the final preponderance in its favor upon all the evidence is not so great as to bring the case within the rule which permits a verdict to be set aside only when it is reached through partiality, passion, and prejudice."

The defendant's counterclaim was fully litigated, and proved to be substantially without merit.    It related chiefly to the detention of the property by the plaintiff, and to some few items of work alleged to have been improperly done.    The plaintiff's claim as established was $259.57, and the judgment was for $250; the difference of $9.57 being disallowed either because the established claim exceeded the monetary jurisdiction of the court, or because the difference was necessary to cover some small items of the counterclaim which the justice found to be sustained.

Two points require particular consideration,—one relating to the 50 coats stolen from the plaintiff, and the other as to the right to recover the deposit money.

As to the fifty coats:    As a general rule, when a bailee fails on demand to deliver to the bailor property to which the latter is entitled, the presumption of liability arises, and if the goods cannot be found it furnishes the imputation of negligence as the cause. Fairfax v. Railroad Co., 67 N. Y. 11.    But such prima facie case may be overcome when it is made to appear that the loss was occasioned by some misfortune or accident not within the control of the bailee.    Then the onus continues on the bailor to prove that it was chargeable to the want of care of the bailee.    Claflin v. Meyer, 75 N. Y. 260;  Mills v. Gilbreth, 47 Me. 320;  Stewart v. Stone, 127 N. Y. 506, 28 N. E. 596.    The work on the 50 coats was completed February 24, 1896, at half past 2, and the defendant's expressman who generally brought and took away the work from the plaintiff's shop was notified to call for that lot at 3 o'clock.    He neglected to call, and during the night the room was broken into and the coats stolen. It was a taking by force, and the thieves also stole property from rooms of other occupants of the same house.    It appeared that on leaving for the day the plaintiff had securely locked his rooms, and that there was no want of diligence on his part.    These facts completely exonerated the bailee. Edw. Bailm. 147, 446; Lawson, Bailm. § 43.    Certain legal consequences follow such a loss. If it had occurred through the negligence of the plaintiff, he would have been answerable to the defendant for the value of the property taken, but, as it happened without his fault, he is entitled to recover for the work

done. Halyard v. Dechelman, 29 Mo. 459. The rule is that if while work is doing on a thing belonging to the employer, and the thing perishes by internal defect or inevitable accident, without any default of the workman, the latter is entitled to compensation to the extent of his labor actually performed on it, unless his contract import a different obligation; for the maxim is, "Res perit domino." Story, Bailm. § 421; 2 Kent, Comm. 590, 591; Schouler, Bailm. § 111. And see Hayes v. Gross, 9 App. Div. 12, 40 N. Y. Supp. 1098. In Cohen v. Moshkowitz, 17 Misc. Rep. 389, 39 N. Y. Supp. 1084, it appeared that the employer was in a hurry for his goods; that the workman promised to send them to his employer at an appointed time, but neglected to keep his agreement, and the goods were subsequently destroyed on the workman's premises. The loss was in consequence attributed to his neglect, and on that account it was held that he could not recover for the work done. That feature is not only absent here, but the evidence points to the neglect of the defendant's expressman as a responsible cause of the loss which subsequently happened. The evidence on that subject is not clear, yet, in view of the finding of the justice, may bear that interpretation.

As to the deposit money: The $100 was left with the defendant to indemnify him against any loss resulting from misconduct on the part of the plaintiff respecting the defendant's property. It was made in lieu of a bond for the performance of the plaintiff's duties as employé, and must be treated in the same manner as if a bond had been given. Its chief purpose was to secure a return of the property; that is, such a return as the plaintiff was by law bound to make. It was not intended as an insurance against fire, robbery, or vis major. The plaintiff having returned all the property to the defendant, except the 50 coats that were stolen, and in respect to which delivery is excused by law, it follows that the purpose of the deposit has been fully satisfied, and the money should be returned. Any other interpretation would involve a forfeiture of the deposit,—a result the law does not favor. While it is true that a contractor is generally not excused from performance by accident or misfortune, unless he has protected himself from such contingency by stipulation in the contract, it is equally true that there may be in the nature of a contract an implied condition by which he will be relieved from such unqualified obligation, and when in such case, without his fault, performance is rendered impossible, it may be excused. Stewart v. Stone, 127 N. Y. 507, 28 N. E. 596. The parties knew that their contract was one of bailment, and, having stipulated for nothing to the contrary, must have contemplated that it was to be interpreted by the rules which regulate the performance of such contracts, and determine the rights and duties of parties thereunder, and it should be construed the same as if those regulations had been contained within it. The rulings made at the trial excluding evidence of the damages suffered by the defendant by the nondelivery of the 50 coats became of no consequence, because the plaintiff incurred no liability in regard thereto. As to the rulings respecting the 117 coats, the plaintiff had a lien upon them, and the right to detain them until the lien was discharged by payment or tender. Edw. Bailm. §§ 420–424;

Story, Bailm. § 440; Trickett, Liens, § 731; Overt. Liens, §§ 43, 44. No tender was made, and, as the labor on the 117 coats had not been paid for, the defendant was in no position to claim damages for detention or nondelivery. The rulings excluding evidence as to damages for nondelivery could not, therefore, have prejudiced the defendant in his defense. Smith v. Cowan, 3 App. Div. 234, 38 N. Y. Supp. 484; Crim v. Starkweather, 136 N. Y. 637, 32 N. E. 702. An error in admitting evidence of a conversation in relation to undisputed facts, and hence not material, is no ground for reversal. Sykes v. Temple, 69 Hun, 448, 23 N. Y. Supp. 425. Nor are errors in excluding testimony wholly immaterial. Wright v. Reusens, 133 N. Y. 306, 31 N. E. 217. Errors which are immaterial and harmless afford no ground for reversal. Fay v. Muhlker, 1 Misc. Rep. 321, 20 N. Y. Supp. 671. Where a plaintiff appealed from a judgment entered on a verdict in favor of the defendant, the court held that he could not be heard to complain of the verdict, because he had no cause of action and ought to have been nonsuited. Jaquiss v. Hagner, 72 N. Y. 605.

The case was tried on conflicting evidence which warranted the justice in deciding as he did. The exceptions are without merit, and the judgment must be affirmed, with costs. All concur.