**LEBER et al. v. ZUCKER, LEVETT & LOEB CO.**

(Supreme Court, Appellate Term. October, 1901.)

APPEAL—OBJECTIONS NOT RAISED BELOW.
    An objection that plaintiffs, who were factors, were precluded by a written contract from claiming expenses for handling a consignment of goods, cannot be first made on appeal.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Edward F. Leber and others against the Zucker, Levett & Loeb Company. From a judgment in favor of plaintiffs, the defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDER-SLEEVE, JJ.

George C. Coffin, for appellant.
Maurice J. Katz, for respondents.

McADAM, J. The plaintiffs sued for a balance alleged to be due for their expenses as factors in connection with certain goods which they claimed were consigned to them by the defendant, and which were shipped to Buenos Ayres, and the defendant counterclaimed for the value of said goods on the theory of a sale 'to the plaintiffs. There were two shipments. The invoiced value of the first shipment was $183.60, and that of the second $24.30. On the trial the defendant counterclaimed for $183.60, the value of the first shipment only. The invoice of these goods, coupled with the testimony of the defendant's only witness, shows that they were consigned, not sold; and said witness testified that the defendant made the plaintiffs a present of the second shipment. The appellant contends, however, that, even assuming there was no sale, but a consignment, the plaintiffs could not recover for expenses, because by the written contract between the parties it was provided that the plaintiffs should "bear all expenses of any nature incurred or found necessary in the prosecution of said work, without recourse upon the parties of the first part" (plaintiffs). This point, however, cannot be raised for the first time on appeal. Kafka v. Levensohn, 18 Misc. Rep. 202, 205, 41 N. Y. Supp. 368; Appleton v. Welch, 20 Misc. Rep. 343, 45 N. Y. Supp. 751; Siegman v. Keeler, 4 Misc. Rep. 528, 24 N. Y. Supp. 821; Rusher v. Brennan, 29 Misc. Rep. 142, 60 N. Y. Supp. 283. If it had been raised, the defendant's objection might have been obviated. No exception was taken upon the trial, and the justice's finding is fully sustained by the evidence.

Judgment affirmed, with costs. All concur.