### KROMBACH v. TEILELBAUM.

(Supreme Court, Appellate Term. November 10, 1904.)

1. CONTRACTS—SUBSTANTIAL PERFORMANCE—JUDGMENT.

　　Where a contract required specific work to be performed in a satisfactory manner for the agreed price of $110, and plaintiff claimed $30 for extra services, and had been paid $20 on account, a judgment for $50 was erroneous; since, unless plaintiff had substantially performed the contract, he was not entitled to recover at all, otherwise he was entitled to recover the full amount claimed.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Joseph Krombach against Isidore Teilelbaum. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Benjamin Reass, for appellant.
Leonard A. Snitkin, for respondent.

PER CURIAM. The contract between the plaintiff's assignor and defendant provided for the performance of specific work in a satisfactory manner and for an agreed compensation. Upon the trial the issue was whether or not the work agreed to be performed was substantially performed. If so, plaintiff was entitled to recover the full amount of the contract price; if not, judgment should have been for the defendant. The agreed price was $110. An additional claim for extra work of $30 was also made, and a credit of $20 paid on account was allowed. The trial court gave judgment for $50, and the only reasonable conclusion at which we can arrive in view of the amount of the recovery is

that the court below was not satisfied that plaintiff's contract had been substantially performed. The unvarying rule of our courts has been to hold a party to substantial or complete performance. Smith v. Cowan, 3 App. Div. 233, 38 N. Y. Supp. 482; Champlin v. Rowley, 13 Wend. 258.

It is unnecessary to consider the other question raised upon this appeal, as for above reasons the recovery herein must be set aside.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.