### DRESSNER et al. v. MANHATTAN DELIVERY CO.

(Supreme Court, Appellate Term. March 21, 1905.)

1. PLEADINGS—ADMISSIONS—EFFECT.

An admission in the answer of an allegation of the complaint is not binding on defendant where plaintiff fails to rely upon it, and introduces evidence to controvert his own allegations.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 82.]

2. CARRIERS—ACTIONS AGAINST CARRIER—PRESUMPTION OF OWNERSHIP.

Consignors cannot sue the carrier for breach of the contract of carriage, in the absence of evidence to rebut the presumption of ownership of the goods by the consignee.

3. SAME—DELAY—DELIVERY—QUESTIONS OF FACT.

Whether a tender of delivery to the consignee by a city delivery company on Monday of goods intrusted to it by the consignor on the preceding Saturday was made within a reasonable time was a question of fact.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Lee Dressner and another against the Manhattan Delivery Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Moss & Feiner, for appellants.

Guthrie, Cravath & Henderson, for respondent.

O'GORMAN, J. Action to recover damages for a carrier's neglect to deliver goods within a reasonable time. The defendant's first contention is that the plaintiffs cannot maintain this action; invoking the rule that consignees are presumed to be the owners of goods consigned, and that only where this presumption is overcome can a consignor bring an action based upon the carrier's breach. Levy v. Weir, 38 Misc. Rep. 362, 77 N. Y. Supp. 917. While the answer admits the allegation of ownership in the plaintiffs, plaintiffs' counsel nevertheless brought out testimony which had the effect of disproving it. In such a case an admission in the pleadings is not binding where the party fails to rely upon it, and introduces evidence to controvert his own allegations. Cowing v. Altman, 79 N. Y. 167; Vanderbilt v. Schreyer, 21 Hun, 537. No evidence was offered to rebut the presumption of ownership in the consignees, and the plaintiffs should not, therefore, be permitted to prosecute the action. But waiving this point, the evidence as to the alleged unreasonable delay in the carriage and tender of the goods presented a question of fact which justified a finding for the defendant. The package was delivered to the defendant on Satur-

day, November 21st, and was returned to the plaintiffs on the following Wednesday. It is quite clear from the testimony that the package was tendered by the defendant to the consignees' agent on Monday, the 23d, and refused. It was for the court to say whether a tender of delivery on the 23d was made, under the circumstances, within a reasonable time.

Judgment affirmed, with costs. All concur.