Bettes v. Magoon.

---

BETTES *et al.* v. MAGOON, *Appellant.*

1. **Practice in Supreme Court.** Where a cause is tried upon a theory adopted by both parties at the trial, the judgment will not be reversed on the ground that such theory was erroneous.

2. **Husband and Wife: STATUTE.** Under Revised Statutes, section 3296 (*Ibid.* Acts 1875, p. 61), a husband can make a gift to his wife of personal property without the aid of a trustee or writing evidencing the gift, and without declaring the gift to be for her sole and separate use.

3. **Evidence.** Insuring property in one's name is admissible in evidence to show that the insured managed and controlled it as her own.

4. **Documentary Evidence: BILL OF EXCEPTIONS.** Where error is complained of in the admission in evidence of written documents, such documents, or so much thereof as relate to the point of objection, should be preserved in the bill of exceptions.

*Appeal from Johnson Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

*S. P. Sparks* for appellant.

(1) The court erred in permitting the plaintiff to read in evidence the policies of insurance issued to her on the property in controversy; being in the nature of her declaration of ownership, were inadmissible. *Farmer v. Belden*, 9 Mo. 787; *Hambright v. Brockman*, 59 Mo. 57; *Watson v. Bessel*, 27 Mo. 220; 54 Mo. 419. (2) The bulk of the property in suit being personalty in possession, became that of her husband absolutely, by operation of law, long before the enactment of section 3296. The court erred in refusing defendant's instructions three and four. *Polk v. Allen*, 19 Mo. 467; *Walker v. Walker*, 25 Mo. 307; *Hockaday v. Sallee*, 26 Mo. 219; Kelly's Married Women, 63. (3) Section 3296, being wholly prospective in its operations, did not divest the title thus acquired by the husband, nor could it without being retroactive and unconstitutional. *Frye v. Kimball*, 16 Mo. 9; *Routsong v. Wolf*, 35 Mo. 124; *A. & P. R. R. Co. v. St. Louis*, 66 Mo. 228; *Ex parte Bethurem*, 66 Mo. 545; *Williams v. Courtney*, 77 Mo. 588. (4) Plaintiff's contention is that the title to none of the property vested in the husband *jure mariti*, but remained in the wife by virtue of his and her acts and conduct respecting it, subsequent to its acquisition, so that the instruction given by the court of its own motion, submitting the theory of a gift from the husband to her after it became his, was erroneous, there being no evidence to warrant it. (5) Conceding that the husband could have taken the property into his possession with the intention of not reducing the same, and that his possession in such case would not be a reduction, but to overcome the presumption of law, and convert the husband into a trustee of the wife, the evidence must be clear and conclusive. His subsequent conduct would be wholly insufficient to establish its existence at the time

of the acquisition. *Holthaus v. Hornbostle*, 60 Mo. 442;
*McCoy v. Hyatt*, 80 Mo. 130; 2 Story Eq. Juris., secs.
1381, 1382 (Ed. 1870). (6) A gift of a personal chattel
by a husband to his wife is void at law, on account of the
unity of husband and wife. The possession of the wife
is the possession of the husband, and the transfer of the
possession, which is essential to a gift, is prevented. ' To
be upheld in equity, proof of the gift must be clear and
conclusive. 2 Kent Com. 438; 1 Bell H. & W. 466;
*Beard v. Beard*, 3 Ark. 72; *Casswell v. Ware*, 30 Ga.
267; *Taylor v. Fire Dep't*, 1 Edw. Ch. 294; 2 Edw. Ch.
333; *Jennings v. Davis*, 31 Conn. 134; *Bradshaw v. Max-
field*, 18 Tex. 21; *Skillman v. Skillman*, 2 Beas. 403; 60
Mo. 442; *McCoy v. Hyatt*, *supra*. Since there could be no
delivery of the possession between the husband and wife,
a gift to a wife by a husband, without the intervention
of a trustee, according to section 2499, Revised Statutes,
is void, and the last instruction asked by defendant
should have been given.

*S. T. White* for respondent.

(1) The defendant cannot complain of the theory of
the trial court on the rights of married women, either as
to their separate property or under section 3296, upon
which this case was tried. Under instruction number
three, for plaintiff, number one for defendant, and the
instruction given by the court, they must have found
from the evidence that the property they considered her
entitled to had been acquired by her by gift or purchase,
with her separate money and means, since March 25,
1875. The only construction this court has given this
statute has been in *Rogers v. Pike County Bank*, 69 Mo.
160; *McCoy v. Hyatt*, 80 Mo. 130. (2) The admission
of policies of insurance and their renewals from Febru-
ary 2, 1875, was proper as part of the *res gestæ*. 1
Greenl. Evid. (Red. Ed.) secs. 108, 108*a*, and 109; *State
ex rel. Schneider*, 35 Mo. 533; *Davitt v. Donnelly*, 38

Mo. 482; *Burgert et al. v. Borchert et al.*, 59 Mo. 80. (3) Granting that the evidence did not show a separate estate in Mrs. Bettes, in her own property before March 25, 1875, of a good part of this property it undoubtedly established a gift to her under the statute. *Gentry v. McReynolds*, 12 Mo. 533; *Coughlin v. Ryan*, 43 Mo. 99; *Welch's Administrator v. Welch*, 63 Mo. 57; *Tennison v. Tennison*, 46 Mo. 77. (4) The uncontradicted evidence showed there was a separate estate of all the property in Mrs. Bettes from 1856, and the court should have so declared and ordered the jury to assess damages as requested by plaintiff. *Holthaus v. Hornbostle*, 60 Mo. 442; *Welch v. Welch*, 63 Mo. 57; *Coughlin v. Ryan*, 43 Mo. 99; *Tennison v. Tennison*, 46 Mo. 77; *McCoy v. Hyatt*, 80 Mo. 130.

HENRY, C. J.—This is a suit instituted by husband and wife for recovery of certain personal property specifically described, of which it is alleged the wife is the owner in her own right and that the defendant forcibly took the same from her possession. The trial resulted in a judgment for plaintiffs, from which this appeal was taken. The property was seized and sold under an execution against the husband by a constable, to whom defendant executed an indemnifying bond. The evidence disclosed the following facts: Plaintiffs formerly lived in Canada, and part of the property in dispute was bought by Mrs. Bettes with means which she inherited from her grandfather. This was after the year 1856, when plaintiffs intermarried, but long prior to 1875; part of the property, the husband testified, was purchased with proceeds of a homestead he had given Mrs. Bettes prior to their marriage. That the property was brought from Canada to Holden in this state, in 1866, and that Mrs. Bettes owned and controlled it, since May 1856. He further testified that he had always treated it as hers and that with respect to his property she treated

with strangers as if it was hers, and continued to do so after 1875, just as she had previously done. He was corroborated by other witnesses, as to Mrs. Bettes' ownership of the property in Canada, and she testified substantially to the same facts testified to by her husband. The property was in a house occupied by plaintiff as a residence and owned by her.

The testimony on the part of the defence was to the effect that H. C. Bettes attended the sale and told the purchaser, Steele, what property to bid for and Steele bid as Bettes directed.

The court, at the instance of plaintiff, gave the following instructions :

"1. The court instructs the jury that the seizure of the property in controversy and the sale thereof under the execution is an actual conversion of the property, and the measure of damages is the actual value of said property at the time of the seizure, with six per cent. interest from said sale."

"2. The court instructs the jury that the joinder of H. C. Bettes with Mrs. A. T. Bettes is required by law to enable her to sue and protect her rights and that he, by such joinder, is a merely nominal party to this action that the law requires. If the jury find from the evidence that any portion of the property in controversy was acquired by the plaintiff Amanda T. Bettes, either by gift or purchase with her separate means, since the twenty-fifth day of March, 1875, then the jury will find for plaintiff in such sum as they may believe from the evidence was the value of such property at the date of seizure, with six per cent. interest from the sale thereof."

"4. The court instructs the jury, that defendant by signing and delivering the bond, approved in evidence, placed himself in the same position as to Mrs. A. T. Bettes as if he himself had actually made the seizure of the property instead of the officer, and if you find that the property sued for was the property of Mrs. A. T.

Bettes, you must find against this defendant for the sum that she was damaged by said seizure."

For defendant the court gave the following:

"1.  The court further instructs the jury that prior to the twenty-fifth of March, 1875, to constitute a reduction to possession, by the husband, of the personal property or money of the wife it was not necessary that the husband should have actually used and occupied the same, but it was sufficient if such property was in such condition that he could at any time have reduced the same to his possession."

"2.  The court instructs the jury that, although they may believe from the evidence in the case that the property in controversy or part of same was, at the time of the levy of the execution and sale thereunder, the separate property of Amanda T. Bettes, yet, if they further find and believe, from the evidence in the case, that such property or any portion of the same, so belonging to said Amanda T. Bettes, was bid in at said sale by her or by anyone for her, then she can only recover as damages as to such portion of the goods so sold the price bid therefor with six per cent. interest from such sale."

Of its own motion the court gave the following instruction:

"The court instructs the jury that if they should believe from the evidence, that any portion of the property in controversy, now claimed as the property of Amanda T. Bettes, was reduced to the possession of her husband, H. C. Bettes, prior to the twenty-fifth day of March, 1875, then such property became the property of her husband and plaintiff cannot recover to that extent unless said Amanda T. Bettes has acquired the same by gift from her husband since that date."

Neither party asked nor did the court declare the law applicable to the testimony of the cause. Both the parties and the court seemed to have regarded as neces-

sary in order to invest the husband with the title to the personal property of the wife in her possession, except choses in action, that he should have reduced them to his possession, whereas after they intermarried her choses in possession became his by operation of law, whether acquired before or after the marriage. Both parties asked and the court gave instructions to the jury declaring in substance that, whether the husband reduced the chattels in controversy to his possession or not was a material and controlling question in the case, and for this error we cannot reverse the judgment because the case was tried upon the theory submitted both by the defendant and plaintiff.

Although the property was the husband's in Canada and after he removed to Missouri, yet, under the act of 1875, now section 3296, of the Revised Statutes of 1879, he could give her that property without the aid or benefit of the trustee, without a writing evidencing the gift, and without declaring the gift to be for her sole and separate use. The evidence tended to prove that he not only consented in Canada and after their removal to Missouri, prior to 1875, that she should hold the property as her own, but after the act of 1875 was passed, recognized her right to the property, ratifying the gift in every conceivable way, except by a declaration in writing to that effect. No prescribed form is given, for a gift from a husband to his wife. It may be proved in the same manner as a gift between strangers, and taking the testimony adduced by plaintiffs as true, there was a gift to the wife of the property in controversy, continuously recognized from their marriage in 1856 to and after 1875, until the seizure complained of and before there were creditors of the husband whose rights would be prejudiced by such a gift.

The admission as evidence of policies of insurance, issued to Mrs. Bettes on the property, is complained of. The policies are not copied into the bill of exceptions.

It is difficult to pass upon the admissibility of the document as evidence in its absence. What the policy substantially contained is not stated. All that appears in the bill of exceptions in relation to the matter is that certain policies of insurance and renewals thereof, on the property in controversy and other property, to the value of $2.000, in favor of Amanda T. Bettes, from the second day of February, 1875, to the second day of February, 1881, were admitted as evidence over defendant's objection that they were irrelevant and incompetent. The plaintiffs had both testified that Mrs. Bettes had always controlled and managed the property as her own. Insuring the property in her own name, like having it assessed for taxes as hers, and paying the taxes, was an actual control and ownership, and admissible on like grounds.

The whole question in this case was whether her husband had relinquished to her his marital rights in the property, and open acts of ownership on that view we think admissible. We would suggest that when objections are made to the introduction of written documents, they, or such part as relate to the point of objection should be preserved in the bill of exceptions. Every presumption is indulged in favor of the rulings of the trial court. While it may be, in the case before us, that the policies were in the name and for the benefit of the wife, it might also appear upon the face of the policy that the husband was also a party to the contract, or was cognizant of and consenting thereto.

The judgment is affirmed. Norton, and Black, JJ., dissent.