ISAAC WITMARK et al., as Administrators of SIMON WITMARK, Deceased, Respondents, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY and THE MANHATTAN RAILWAY COMPANY, Appellants.   (Two actions.)

1. ELEVATED RAILROAD ACTION — LEASEHOLD ESTATE OF PLAINTIFF — NEW LEASE MADE AFTER CONSTRUCTION OF RAILROAD.   When the estate in abutting premises of the plaintiff in an action against an elevated street railroad for an injunction and damages originated in a lease with covenants for renewals executed before the construction of the road, the fact that he had taken a new lease after the construction of the road does not deprive him of the right to relief where it appears that, by the intention of the parties, the new lease was a continuation of the original lease and secured to him all the rights conferred thereby.

2. RENEWAL LEASE AS EVIDENCE OF CONTINUANCE OF PRECEDING TITLE.   When the estate of the plaintiff in an action to enjoin the operation of an elevated railroad and for damages is stated in the complaint to be a leasehold, and his lease expires during the pendency of the action, and he receives a new lease in accordance with the terms of the former one, such new lease is admissible in evidence as tending to prove that the estate which the plaintiff had at the commencement of the action had been continued and preserved to him.

3. APPEAL — TECHNICAL IMMATERIAL ERROR.   It is not every technical objection or erroneous ruling that will warrant the Court of Appeals in reversing a judgment in an ordinary elevated railroad action for an injunction and damages; and where that court can see that the ruling complained of, conceding it to have been technically incorrect, could have had no material influence upon the result, it must be disregarded.

4. EVIDENCE — TABULATED SUMMARY — TESTIMONY AS TO RENTS GIVEN WITHOUT OBJECTION.   An alleged error committed by the referee upon the trial of an elevated railroad action, in receiving on behalf of the plaintiff a paper containing a tabulated summary of rents received by the plaintiff from property adjoining that in suit, the amounts of which had previously been testified to by witnesses without objection, does not furnish a ground for reversing a judgment.

5. EVIDENCE — MATHEMATICAL CALCULATION.   Nor is reversible error, in such an action, predicable upon the reception from a witness of a mathematical calculation as to the values of property, which the referee could have made for himself.

6. EVIDENCE AS TO RENTS FROM NEIGHBORING PROPERTY.   The rule laid down in *Jamieson* v. *Kings County Elevated Ry. Co.* (147 N. Y. 322), that in an action by an abutting owner to enjoin the operation of an ele-

50

vated railway and for damages, it is not permissible to call owners of property in the vicinity of that involved in the suit, to show what their premises rented for before and after the construction of the railway, in order to affect the question of damages to the property in suit — discussed and confirmed.

*Witmark* v. *N. Y. El. R. R. Co.*, 76 Hun, 302, affirmed.

(Argued April 16, 1896; decided May 26, 1896.)

APPEALS from judgments of the General Term of the Supreme Court in the first judicial department, entered upon orders made February 16, 1894, which modified and, as modified, affirmed judgments in favor of plaintiffs' intestate entered upon reports of a referee.

The original plaintiff, Simon Witmark, died after the appeals were taken to the Court of Appeals, and his administrators were thereupon substituted in his place and stead.

The nature of the actions and the facts, so far as material, are stated in the opinion.

*Reuben Leslie Maynard* for appellants. The plaintiff was not entitled to equitable relief in these actions, for the reason that the leases under which he was in possession at the time the actions were brought, and upon which his claim for relief was based, expired *pendente lite,* and no supplemental complaints were served showing that he was in possession at the time of the trial under leases subsequently executed. (Pom on Code Rem. [3d ed.] 564.) The plaintiff was not entitled to equitable relief, since the leases under which he was in possession of the properties involved were executed at a time when the defendants' structure was in the avenue, with trains operating thereon in the same manner as at the present, and they were not renewals of prior leases. (*Sickles* v. *Flanagan,* 79 N. Y. 224, 225; *Bedlow* v. *N. Y. F. D. D. Co.,* 112 N. Y. 263, 269; *Naser* v. *F. N. Bank,* 116 N. Y. 492; *Kernochan* v. *N. Y. E. R. R. Co.,* 128 N. Y. 565.) The referee erred in receiving in evidence leases of the properties involved which had not been pleaded, and which were executed subsequent to the commencement of the actions. (Code Civ.

Proc. § 3481; 1 Greenl. on Ev. § 51; *Bayloe* v. *Neff*, 3 McL. 302; Sedg. & Wait on Tit. [2d ed.] § 454.) In receiving testimony as to the rents of a property other than the property in suit, the referee erred. (*Jamieson* v. *K. C. El. R. Co.*, 147 N. Y. 322; *In re Thompson*, 127 N. Y. 463.)

*Roger Foster* and *Benno Loewy* for respondent. The plaintiff cannot be prejudiced by the fact that his complaints did not set forth the renewals which were subsequently made. (Code Civ. Proc. § 544; *Bohm* v. *M. E. R. Co.*, 129 N. Y. 576; *In re William St.*, 19 Wend. 678; *Harris* v. *Tumbridge*, 83 N. Y. 92; *McGean* v. *M. E. R. Co.*, 133 N. Y. 9.) The objection to the admission in evidence of the renewed leases was unsound. (*Kearney* v. *M. E. R. Co.*, 129 N. Y. 76.) The fact that the plaintiff substituted for the leases made before the elevated road was built, five new leases for the unexpired term, with similar covenants and the same aggregate ground rent, did not affect his rights against the defendants. (*Kearney* v. *M. E. R. Co.*, 129 N. Y. 76; *Hebbard* v. *Haughian*, 70 N. Y. 54; *L. M. Co.* v. *S. F. Ins. Co.*, 88 N. Y. 591.) The evidence as to the rents of one of the two houses in suit, was properly admitted in evidence. (*Jamieson* v. *K. C. E. R. Co.*, 147 N. Y. 322; *McGean* v. *M. R. Co.*, 117 N. Y. 219; *Bischoff* v. *N. Y. E. R. R. Co.*, 138 N. Y. 257.) The admissibility of evidence of the sales and rents of similar property in the vicinity to prove the fee and rental value of real estate is established by the preponderance of authority. (*S. L.*, etc., *R. R. Co.* v. *Haller*, 82 Ill. 208; *C. & B. P. & P. Co.* v. *Chicago*, 111 Ill. 651; *Cherokee* v. *S. C. & I. F.*, etc., *Co.*, 52 Iowa, 279; *Paine* v. *Boston*, 4 Allen, 168; *Shattuck* v. *S. B. R. R. Co.*, 6 Allen, 115; *Benham* v. *Dunbar*, 103 Mass. 365; *Chandler* v. *J. P. A. Co.*, 122 Mass. 305; *Gardner* v. *Brookline*, 127 Mass. 358; *Sawyer* v. *Boston*, 144 Mass. 470; *March* v. *P. & C. R. R. Co.*, 19 N. H. 372.)

O'Brien, J.   The record in this case presents appeals from two judgments, each relating to separate property, recovered by the plaintiffs' intestate against the defendants. The same

questions are involved in both appeals and they may, for con-
venience, be considered and treated as one. They were the
usual actions for injunctions against the operation of the rail-
way and for damages, commenced in September, 1889. The
complaint, in substance, avers that the plaintiff was in posses-
sion of the property under a lease made in 1869 with cove-
nants of renewal and which was renewed in May, 1881, with
the same or similar covenants.

One of the points urged in support of the appeal is that the
plaintiff's present estate is derived from the lease to him in
1881, when the railway had been constructed and in full opera-
tion and, hence, he was not entitled to equitable relief.
This point involves the further proposition that the estate
which he had under the lease of 1869, with the covenants of
renewal, had been surrendered and that the new lease was not
a renewal of the old one. The element of intention was an
important consideration in the determination of the question
whether the lease of 1881 took the place of and secured to
the plaintiff all the rights conferred by the lease of 1869, and
the referee has found that the former was a continuation of
the latter and that the plaintiff is entitled to the same rights as
if he was the assignee of the original lease. We think that
this conclusion was clearly correct. (*Kearney* v. *Met. El. R.
Co.*, 129 N. Y. 76.)

This point has been so clearly answered, both upon prin-
ciple and authority, in the learned opinion below that we will
not attempt to add anything to the argument there made. It
appeared that during the pendency of the action the lease of
1881 expired, and according to its terms a new lease was given
to the plaintiff. On the trial this lease was offered in evidence
and received under the defendants' objection and exception.
There was no error in this ruling. The paper proved, or
tended to prove, that the estate which the plaintiff had at the
time of the commencement of the action had been continued
and preserved to him. In other words, it was evidence to
establish the title which the plaintiff had stated in the com-
plaint. Though a new paper it was evidence of an old title.

On the trial both sides, without objection, gave proof of the rental and fee value of other property in the same locality, and before the proofs closed the plaintiff's counsel produced a paper and proved that it contained a correct statement of the rents which he had received for the building adjoining the one in suit. In the course of the trial evidence had been given as to these same rents without objection. The plaintiff's counsel offered this paper in evidence. It was objected to by the defendants' counsel as immaterial and irrelevant; that it does not relate to the property in suit; also, that the rents are already in evidence. The objection was overruled and the defendants excepted.

It is now urged that this ruling is in violation of the rule laid down by this court in the *Jamieson Case* (147 N. Y. 322). We will not now stop to consider the point whether the objections made by the defendants' counsel are sufficient to enable him, upon this appeal, to invoke the benefit of that rule. It is not every technical objection or erroneous ruling that will warrant this court in reversing a judgment in cases of this character. When we can see that the ruling, conceding it to have been technically incorrect, could have had no material influence upon the result it must be disregarded and it is seldom that this can be made clearer than in the case at bar. The referee received a paper which contained, in tabulated form, the figures representing rents received which had already been testified to by witnesses without objection. The very form of the objection admits this. If the paper should be stricken from the record the evidence as to the same rents would still remain in the case and the referee could make up a similar paper himself from the evidence and use it for his own convenience. So that the alleged error consists in receiving a paper containing in figures, conveniently arranged, a summary of what the witnesses had testified to without objection. There is not the slightest reason for supposing that this action of the referee operated in any degree to the prejudice of the defendants. There is. another objection and exception in the case based upon a

question put to another witness which called for a mathematical calculation in reply to or explanation of testimony of like character given by the defendants which related to the value of the leases. It was a mere matter of arithmetical calculation which the referee could have made himself and which did not call for expert testimony, though both sides went into it. We agree with the court below that the ruling was of no importance one way or the other. It would be a reproach to the administration of justice if a court of equity were bound to re-open a controversy of several years' standing upon questions of so little substance.

These views would be quite sufficient to dispose of the appeal, and the discussion could properly end here except for the fact that the learned counsel for the plaintiffs has submitted quite an elaborate argument with numerous citations of authorities to show that the rule laid down in the *Jamieson Case* was a departure from correct principles and from the doctrines sanctioned by previous decisions of this court. In that case it was decided that in cases of this character it is not permissible to call witnesses who owned property in the vicinity of that involved in the suit, to show what their premises rented for before and after the construction of the railway, in order to affect the question of damages to the property there in question. The principle upon which the decision rests is that such a rule, if sanctioned, would introduce into the case collateral issues relating to each separate parcel of property. There is no general or well-defined principle of the law of evidence that enables a party to establish the value of some particular or specific thing by proof of the value of another thing of the same class or general character. It would scarcely be claimed that in a controversy concerning the value of a horse such value could be established by proof of the value of another horse that bore more or less resemblance, or possessed some or all of the qualities of the one in question, according to the varying notions of witnesses. A party upon whom the burden rests of proving the value of particular property, real or personal, must ordinarily confine the proof to the specific property

in controversy. Cases may doubtless be found where, in other jurisdictions and in special statutory proceedings for determining the value of real property, more or less support is given to the contention of the plaintiffs' counsel. But in most, if not all, of them it will be found that the inquiry was not governed by the rules of evidence that prevail at common law. There are many cases in which commissioners or other officers specially authorized to determine the value of real estate may act upon a personal view or examination of the property and generally upon other than the strict rules of evidence that have been established in courts of law and equity. Such cases · have little if any bearing upon the question decided in the *Jamieson Case.* Our attention has also been called to cases in this court belonging to the same class of actions as this, where proof of the value of other and similar property, in the same locality, has been recognized as proper. (*Cook* v. *N. Y. El. R. R. Co.,* 144 N. Y. 115 ; *Langdon* v. *Mayor, etc.,* 133 N. Y. 628 ; *Roberts* v. *N. Y. El. R. R. Co.,* 128 N. Y. 455 ; *Am. Bank Note Co.* v. *N. Y. El. R. R. Co.,* 129 N. Y. 252 ; *McGean* v. *Man. Ry. Co.,* 117 N. Y. 219 ; *Kane* v. *N. Y. El. R. R. Co.,* 125 N. Y. 164 ; *Bischoff* v. *N. Y. El. R. R. Co.,* 138 N. Y. 257.)

It will be found, we think, upon careful examination that in most of these cases the court simply recognized a situation which the parties themselves had created by the general course of the trial, or by consent or acquiescence, and hence they are in no way in conflict with the decision in the case referred to. Evidence of this character has, it is well known, been given by both parties in this class of actions, and when we have found it in the record, generally without objection, we have treated it as the parties themselves treated it at the trial, and have in that way recognized it, when taken in connection with other proof, as entitled to consideration in order to support a finding or to answer some view of the case, taken for the first time in this court, contrary to the general course of the trial. This court does not refuse to recognize facts determined at the trial, though some part of the testimony tending to prove them may have been, in its nature, incompetent for

that purpose, and under a proper objection should have been excluded. (*Flora* v. *Carbean*, 38 N. Y. 111.)

The party complaining must raise the question as to the quality or competency of the proof before the fact is found or the question decided and not afterwards. In the other cases in this court cited by the learned· counsel for the plaintiffs, proof of this character found in the record was not regarded, under all the circumstances, as sufficiently material to warrant a reversal. It was of no more importance as affecting the result than it appears to be in the case at bar. In the *Jamieson Case* the question was sharply raised at the proper time by a proper objection and exception, and the evidence thus received was substantially all that could be found in the record to sustain the finding. Our decision in that case did not, we think, introduce any new rule of evi-·dence or modify any principle that had been directly sanctioned by prior decisions. It is not apparent how the practice which was there condemned, if sanctioned as a rule of evidence, can be of any great value in this class of actions. The extent of the investigation would be subject to no limits except such as might be prescribed by the discretion of the trial court, and even when it could be shown that the property was substantially similar as to locality and physical surroundings, yet different parcels of property are affected in their value by so many different causes, that in the end there must be left a wide field for conjecture and speculation. The scope of the inquiry would be enlarged beyond all necessary or proper limits and the mind of court and jury confused with a multitude of conflicting and irrelevant facts. There is no such inherent difficulty in proving the value of real estate at a given time, as to require a resort to such evidence. It may be proved by showing the amount of its income to the owner, the general course of values, by the opinions of witnesses competent to judge, or by that of experts having special knowledge on the subject and familiar with the causes which affect its rise or decline in the market. When the parties have given all proof on the subject which has long been

recognized as competent, for the purpose of ascertaining the value of property, it will generally be found that little, if anything, of any value, can be added by resorting to proof of the value of other property.

The judgments should be affirmed, with costs.

All concur.

Judgments affirmed.