THE SPRING VALLEY COAL COMPANY

*v.*

JOSEPH ROBIZAS.

*Opinion filed February 17, 1904.*

1. FELLOW-SERVANTS—*when question whether miner and mule driver are fellow-servants is one of fact.* Whether a miner and a mule driver in the mine are fellow-servants is properly submitted to the jury, where the evidence bearing on the question is conflicting.

2. INSTRUCTIONS—*effect where instructions for both parties proceed on wrong theory.* In an action by a miner for injuries, if the defendant obtains an instruction applying certain provisions of the statute, respecting places of refuge, to the case, he cannot complain that the same provisions were applied in another instruction given for the plaintiff, even though the statute has, in fact, no application.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Bureau county; the Hon. H. M. TRIMBLE, Judge, presiding.

ALFRED R. GREENWOOD, for appellant.

O. H. PORTER, WOOD & ELMER, and DANIEL BELASCO, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In this case appellee obtained a judgment in the circuit court of Bureau county for $1750 on account of personal injuries sustained by him while in the employ of appellant as a miner in its coal mine No. 3, in the city of Spring Valley. Appellant appealed to the Appellate Court for the Second District, and from the judgment of that court affirming said judgment prosecuted this appeal.

The trial was by jury, and at the close of the evidence the defendant asked the court to instruct the jury to return a verdict of not guilty. The motion was denied and the instruction refused, and the ruling is assigned as error.

The declaration contained three counts. The charge against the defendant in the first count was, that it failed to provide plaintiff with a reasonably safe place to work, but permitted the same to remain in an unsafe and dangerous condition. The second count charged that the defendant delivered empty cars for the use of plaintiff in a careless, negligent manner, by leaving them in such a position that a portion of one of them protruded into the main entry near the track on which loaded cars were hauled, by reason of which such loaded cars struck the protruding car, and, hurling it against plaintiff, injured him. The third count charged negligence in the mule driver in driving the mule drawing the loaded cars so negligently and carelessly that the collision occurred.

There was no evidence tending to sustain the charge in the first count. The injury to plaintiff did not result from any failure to furnish him with a reasonably safe place to work. The accident happened in this way: Plaintiff was paid by the ton for mining coal and loading it on cars, and was assisted by his son, a boy about fourteen years old. Defendant furnished him with empty cars, which it was usual to leave for him in the entry to a room adjoining the room where he worked and about fifty feet distant. When he needed an empty car he was accustomed to go there and get one, and push it along the main entry into his room and up to the face of the coal, where it was loaded and afterward hauled out by a mule. In the main entry there was a track along which the cars were hauled, and four empty cars had been left in the entry of the adjoining room by one of the mule drivers. At the time of the accident plaintiff sent his boy to the adjoining room to get an empty car. One of these cars had some props in it, and for that or some other reason the boy was unable to move the car. The plaintiff came out of his room and went along the main entry toward the place where the empty cars were standing, and when about twenty feet distant he saw a driver

approaching along the main track with a mule and two loaded cars. He hastened to the place where the cars were and stepped into the side entry where they stood. The mule was trotting or running, and when he neared the place the driver saw that the first standing car was very close to the main track. The first loaded car struck it and the second one knocked it off the track against the plaintiff, crushing him against the side of the entry. The accident was caused by the loaded cars striking the empty car and throwing it against the plaintiff, and was not due, in any sense, to any defect or imperfection in the place where plaintiff was required to work or to any fault or negligence of defendant concerning the same. He was in a place of entire safety if the car had not been too near the main track so as to be struck by the passing loaded cars. The place was dangerous only in the sense that a negligent act causing an injury is always connected with some place. The evidence for the plaintiff tended to show that the empty cars had been negligently left in that position by the mule driver. There was a slight descent to the main track, and the driver testified that he placed the cars at a safe distance and blocked them with a stone, and that the boy and two men who were there at the time must have moved them afterwards. The evidence was conflicting and it was proper to submit that question to the jury.

It is also contended that the court ought to have directed a verdict because plaintiff and the mule driver were fellow-servants. On the other hand, it is insisted that the duty to furnish a safe place to work was one owing by the defendant to the plaintiff, and that, therefore, it would make no difference whether the mule driver was a fellow-servant of the plaintiff or not. There being no evidence tending to show that the character of the place was such as to render it dangerous, the rule invoked does not apply. The only cause of the injury was the alleged negligent act of the mule driver, and it was a

material question whether the parties were fellow-servants. The testimony was that their duties were wholly independent of each other, and under the evidence the question was one of fact.

It was not error to refuse to direct a verdict for the defendant.

An instruction was given at the request of the plaintiff requiring the jury to find the defendant guilty if the plaintiff was in the exercise of ordinary care, and was struck and injured by one of defendant's cars because of a failure on defendant's part to exercise ordinary care to supply reasonably safe places of refuge along the hauling road, not more than sixty feet apart, as required by law. There are several objections to this instruction. It was erroneous because there was no evidence whatever that the accident occurred because of the want of a place of refuge along the main track. Furthermore, the instruction was based on a statute which provides that such places shall not be required in entries from which rooms are driven at regular intervals, not exceeding twenty yards, and the undisputed evidence was that the rooms were so driven from the entry in question. It was also erroneous because the declaration was not founded upon any violation of the statute, but on negligence at common law, independently of the statute. The instruction was neither applicable to the issue nor the evidence, and it could not be cured by any other instruction because it directed a verdict upon proof of the hypothesis of fact contained in it. While that is true, the record shows that both parties tried the case upon the same theory in that respect. The defendant asked and the court gave an instruction stating the exception, that the statute did not require the defendant to have a place of refuge cut in the side wall of the hauling road where the plaintiff was injured if rooms were divided from the said roadway at regular intervals, not exceeding twenty yards apart. If the case was tried upon an incorrect theory

concerning the application of the statute to the case, both parties adopted the theory. The defendant having obtained from the court an instruction applying the statute to the case, cannot be heard to complain that it was also applied in another instruction given at the request of the plaintiff.

The judgment of the Appellate Court is affirmed. .

*Judgment affirmed.*