## SOUTHERN INDIANA RAILWAY COMPANY *v.* DRENNEN.

[No. 6,613.   Filed June 2, 1909.]

1. PLEADING.—*Complaint.—Contributory Negligence.*—A complaint for the recovery of damages for personal injuries, which alleges facts showing that the plaintiff was guilty of negligence materially contributing to his injuries, is bad on demurrer. p. 17.

2. PLEADING.—*Complaint.—Negligence.—Street Railroads.*—A complaint alleging facts showing that the plaintiff's decedent was proceeding slowly and carefully, and was looking and listening when he drove along the street toward the railroad crossing, and that by reason of obstructions he was unable to see or hear the approaching train, that when he had driven upon the track defendant ran its train, without warning, and in violation of the city ordinance, against decedent's horse and wagon, inflicting fatal injuries upon decedent, does not show that decedent was guilty of contributory negligence. p. 18.

3. RAILROADS. — *Care.* — *Ordinances.* — *Presumptions.*— Travelers using the streets of a city are not required to use more than ordinary care in crossing railroad tracks in the streets, and they have a right to rely upon the presumptions that railroad companies will exercise due care and will obey city ordinances. p. 18.

4. PLEADING.— *Complaint.*— *Railroads.*— *Negligence.*— *Last Clear Chance.*—A complaint alleging that as the plaintiff's decedent was driving slowly and carefully along the street and upon the railroad crossing the defendant railroad company negligently, without warning, and in violation of the city ordinance ran upon decedent inflicting fatal injuries, sufficiently presents the question of defendant's liability under the rule of the last clear chance. p. 19.

5. TRIAL.— *Issues.— Waiver.— Last Clear Chance.*— Where both parties to a personal injury case treated the question of last clear chance as though it were involved, introduced evidence tending to prove and to disprove such negligence, and asked and re-

ceived instructions thereon, they are precluded from asserting, on appeal, that such question was not involved. p. 20.

6. TRIAL.—*Variance.—How Availed of.*—Where no question is made at the trial as to an alleged variance, no question thereon can be raised on appeal. p. 20.

7. TRIAL.—*Variance.—Acquiescence.*—Where the parties, without objection, choose their own issue, within the general scope of the pleadings, they cannot, on appeal, raise the objection that the issue was not tendered. p. 22.

8. TRIAL.— *Pleading.— Recovery.— Variance.— Negligence.— Last Clear Chance.*—Where defendant's negligent killing of the decedent is alleged generally, and the evidence shows that defendant was guilty under the rule of the last clear chance, the plaintiff's recovery is *"secundum allegata et probata."* p. 26.

9. APPEAL.—*Erroneous Procedure.—Failure to Object.—Estoppel.*— A defendant who, without objection, knowingly permits the court to submit a case upon an issue not presented by the pleadings, is estopped, on appeal, from questioning such procedure. p. 26.

10. APPEAL.—*Briefs.—Instructions.*—To present any questions on an instruction, all instructions or their substance must be set out in the party's brief. p. 26.

11. RAILROADS.—*Street Crossings.—Last Clear Chance.*—Where defendant railroad company's engineer saw plaintiff's horse become unmanageable on a street crossing in time to stop his train without a collision, and he failed to stop the train, such company is liable for the damages under the rule of last clear chance. p. 27.

12. APPEAL.—*Reversal.—Technicalities.*—A judgment will not be reversed on bare technicalities. p. 27.

From Clay Circuit Court; *John M. Rawley,* Judge.

Action by George W. Drennen against the Southern Indiana Railway Company. From a judgment on a verdict for plaintiff for $1,200, defendant appeals. *Affirmed.*

*Hamill & Taylor, S. M. McGregor* and *Orion B. Harris,* for appellant.

*George A. Knight, Peter M. Foley* and *Samuel D. Royse,* for appellee.

HADLEY, C. J.—Appellee instituted this action against appellant to recover damages for the negligent killing of Elmer Drennen, a son, under the age of twenty-one years. The complaint is in three paragraphs, the first of which avers that the railway line of appellant crosses College street, in

the city of Terre Haute, between Thirteen-and-a-half street and Fourteenth street; that the street and tracks are at the same grade at said crossing; that said street is a public street traveled over by a large number of vehicles and pedestrians, and said vehicles and pedestrians are constantly passing along said street across said tracks; that from said intersection south said track runs to the southwest, and about twenty feet south of said intersection said track makes a sharp curve to the west; that along the south side of said street, from a point forty feet west of said track, the view to the southeast, or towards said track, is obstructed by sheds, buildings, trees and high fences, for the whole distance to Thirteen-and-a-half street; that it was difficult for a person traveling along said College street to hear a train, and it was impossible to see said train until such person arrived within forty feet of said track. The complaint specifically describes these various obstructions and their locations.

It is then averred that on July 2, 1905, about 11 o'clock a. m., said Elmer Drennen was driving a horse attached to an open delivery wagon along College street from the west towards said track; that he was driving carefully and slowly; that as he approached said track he looked and listened for an approaching train, but did not see nor hear any train or engine approaching; that he was unable to see towards the southeast, on account of the obstructions described, until he was within twenty feet of said track; that when he reached this point he saw, at about one hundred feet distant, the appellant's engine coming from the south, but he was unable to stop the horse in time to avoid said engine; that said engine ran against said horse, threw said Drennen against the engine, and injured him so that he died the next day. It is averred that he did not see or hear said engine until he was within twenty feet of the track; that said engine was running at the rate of twenty-five miles an hour within the limits of the city of Terre Haute, in viola-

tion of an ordinance limiting the speed of trains to five miles an hour, and that it did not sound the whistle within one hundred rods, nor ring the bell within two hundred yards of said crossing; that the injury to Elmer Drennen was caused by the wrongful and negligent acts of appellant in running said engine within said limits of the city of Terre Haute at a high and dangerous rate of speed, in failing to blow the whistle of said engine at any time within one hundred rods of said crossing, and in failing to ring the bell. An ordinance in force in the city of Terre Haute, limiting the speed of engines and trains, is properly averred.

It is then averred that, by reason of the careless and negligent acts of the appellant, appellee has been damaged. Prayer for judgment.

The second and third paragraphs of the complaint are the same as the first, except that the second paragraph contains an averment that when decedent was able to see along said track, he saw appellant's train about one hundred fifty feet distant; that he then attempted to stop his horse and turn it so as to avoid said engine, but the horse became so frightened that it was unmanageable, and approached so closely to the track that the engine struck it.

The third paragraph contains the additional averment showing the dangerous nature of the crossing, and averring that it was necessary to maintain a watchman at said crossing to make it safe, and that no watchman was maintained there. Appellant filed a general demurrer to each of said paragraphs, and each of said demurrers was overruled. These rulings are assigned as error.

The only objection urged against the complaint is that the facts specifically averred in each paragraph of the complaint show that decedent was contributorily negligent. It is true, as appellant insists, that, where the special facts, stated in the complaint to recover for an injury to the person, show that the plaintiff was himself

guilty of negligence that materially contributed to his injury, the complaint is bad on demurrer. *Wolfe* v. *Peirce* (1900), 24 Ind. App. 680; *Van Winkle* v. *New York, etc., R. Co.* (1905), 34 Ind. App. 476.

But the facts averred in each paragraph of the complaint before us fail to show any such negligence. It is averred that decedent was proceeding slowly and carefully, and was on the alert, looking and listening. That he could neither see nor hear the train, under the averments of the complaint, was not his fault, but was the fault of appellant. To hold that the citizens of Terre Haute who desire to pass along College street and over the tracks of appellant are required, in so doing, to exercise greater diligence than to move slowly and carefully, looking and listening in order that the appellant may run its trains as recklessly as it pleases, and without regard to the law or the ordinance of said city, or suffer the consequences without recourse, would amount substantially to a vacation of the street and the surrender of a public highway to private uses. Appellee's decedent had a right to rely upon the presumption that appellant would run its trains according to the law and with proper regard to the safety of persons who might be crossing its track on a frequently traveled highway. *Cleveland, etc., R. Co.* v. *Lynn* (1909), 171 Ind. 589; *Baltimore, etc., R. Co.* v. *Conoyer* (1898), 149 Ind. 524.

Ordinarily a person would be in no danger from a train traveling at a rate not to exceed five miles an hour and ringing the bell, as the statute requires, if he approach said crossing slowly and carefully, looking and listening, even though, on account of obstructions, he could neither hear distinctly, nor see down the track until he was within twenty feet of such track.

Each paragraph of the complaint was good as against the objection urged in support of the demurrer. Upon the trial

of the cause, it appeared from the evidence that the decedent drove upon the track when the train was from one hundred to one hundred fifty feet away; that his horse became unmanageable, and he was unable to get off the track before the train struck him; that the engineer saw him on the track and in his dangerous position when 150 feet away, and might have stopped his train before striking decedent, if he had made use of all of the agencies within his power. Upon the request of both appellant and appellee, the court instructed the jury upon the question of the last clear chance. It is urged by appellant, under the ruling on the motion for a new trial, that the instructions given by the court on the doctrine of the last clear chance were erroneous, and the evidence was insufficient to support the verdict on this theory, for the reason that this question was not presented by the pleadings, it being asserted that there is no averment in the complaint which would present such an issue upon a general denial. It would appear that the averments of the complaint were sufficient to present this question under the decisions in the cases of *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490, *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617, and *Crowley* v. *Burlington, etc., R. Co.* (1885), 65 Iowa 658, 664, 20 N. W. 467, 22 N. W. 918.

In the case last cited the court instructed the jury as to the doctrine of the last clear chance. The objection was made as here. The court say: ''It is not claimed that this instruction is an incorrect statement of the law, but it is insisted that there is neither averment nor proof that the defendant could have prevented the injury after the discovery of plaintiff's negligence. We do not think such an allegation is necessary to be made in the petition. It is a phase of the rights and obligations of the parties which arises upon the proofs rather than by pleading. We know of no rule of pleading which requires the plaintiff in actions of this char-

acter to confess negligence on his part, and avoid it by alleging that the defendant might have averted the injury by using proper care after the discovery of plaintiff's peril. The objection that there was no evidence to support the instruction does not appear to us to be well taken.''

There is a general averment in the first paragraph, and also in the third, that the injury to appellee was caused by the negligent acts of appellant. This averment is entirely disconnected from the averments of specific negligence.

In our view of the case, however, it is unnecessary for us to decide this question, since it is apparent from the record that on the trial of said cause both appellant and appellee treated the question as though it were involved, and without a suggestion to the contrary. Each, without objection, introduced testimony seeking to prove or disprove, respectively, that the engineer, after discovering the perilous condition of decedent, and his inability to extricate himself, could have stopped his train and avoided the injury; and each requested the court to submit to the jury the law on the question of the last clear chance, and the court gave one instruction asked for by the appellee and one asked for by the appellant, presenting the legal rules from the viewpoint of each of said parties, as applied to said question.

''No variance between the allegations in a pleading and the proof is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must be shown in what respect he has been misled; and, thereupon, the court may order the pleading to be amended on such terms as may be just.'' §400 Burns 1908, §391 R. S. 1881. And where the attention of the court below has not been called to a variance, the Supreme Court will not notice it on appeal. *Latshaw* v. *State, ex rel.* (1901), 156 Ind. 194;

*Hartwell Bros.* v. *Peck & Co.* (1904), 163 Ind. 357; *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489.

In the case of *Hartwell Bros.* v. *Peck & Co., supra,* the court say: "If the appellant considered that there was a material variance between the allegations of the complaint and the evidence as to the last six publications, he should have objected to the introduction of this evidence when offered. It is not claimed in appellant's brief that such evidence was objected to when offered, or that any question was presented to the trial court in regard to the same at the time it was offered. Having failed to present the question of alleged variance to the court below, as provided in §394 Burns 1901, §391 R. S. 1881 [§400, *supra*], so that the questions enumerated in said section could be determined, and proper amendments ordered by that court, the objection cannot be urged for the first time on appeal."

And in the case of *M. S. Huey Co.* v. *Johnston, supra,* the court enunciates the following rules: "It is urged that there is a variance between the second paragraph of the complaint and the proof, in that the allegation is that the appellant was negligent in failing to guard the left end of the mandrel, whereas the evidence introduced on behalf of appellee showed that the left side of the mandrel, in front of the outer row of knives, was unguarded, and that it was at that point that her hand came in contact with the knives. This is not a case of a failure of proof within the contemplation of §396 Burns 1901, §393 R. S. 1881. Appellant has attempted to save the question by a mere objection to the introduction of the evidence, based on the ground of variance between the proof and the allegation. There was no claim advanced in the trial court that appellant was not ready to meet the evidence, or that it had been in anywise misled. * * * Section 395 Burns 1901, §392 R. S. 1881, provides: 'Where the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate

amendment, without costs.' It is provided by §670 Burns 1901, §658 R. S. 1881, that 'No judgment shall be stayed or reversed, in whole or in part, by the Supreme Court, for any defect in form, variance, or imperfections contained in the record, pleadings, process, entries, returns, or other proceedings therein, which by law might be amended by the court below, but such defects shall be deemed to be amended in the Supreme Court.' The fact that a party has been misled 'must be proved to the satisfaction of the court,' according to §394 Burns 1901, §391 R. S. 1881 [§400, *supra*], or else it is not to be deemed material. If it is not material, then, as we have seen, the trial court was authorized, under §395, *supra,* to have ordered an immediate amendment without costs, or to have directed the facts to be found according to the evidence. There should, perhaps, have been some order on the subject, under said section, but there was no request therefor, and, as we are required under §670, *supra,* to treat such a variance as having been obviated by amendment, we fail to perceive how appellant can make this technical variance available for a reversal."

In the case of *Louisville, etc., R. Co.* v. *Overman* (1882), 88 Ind. 115, the complaint was for damages for two colts killed at the same time. The damage alleged was in the sum of $200, or $100 for each. Verdict was recovered in the sum of $200, but the proof showed that one colt was worth only $50, the other $150. The court say: "The variance did defendant no harm; after the evidence was heard the plaintiff might have amended his complaint to correspond with the proof, and in this court the amendment will be considered as having been made."

There is abundant authority to sustain the proposition that where both parties to a suit, without objection, choose their own issue, which is within the general scope of the pleadings, they cannot afterwards be heard to complain in an appellate court that such issue was not technically tendered. *Crabb* v. *Orth* (1892), 133 Ind.

11; *Kafka* v. *Levensohn* (1896), 41 N. Y. Supp. 368, 18 Misc. (N. Y.) 202; *Illinois Cent. R. Co.* v. *Latimer* (1889), 128 Ill. 163, 21 N. E. 7; *Witmark* v. *New York, etc., R. Co.* (1896), 149 N. Y. 393, 44 N. E. 78; *Iron Mountain Bank* v. *Armstrong* (1887), 92 Mo. 265, 4 S. W. 720; *Illinois Steel Co.* v. *Novak* (1900), 184 Ill. 501, 56 N. E. 966; *Collier* v. *Gavin* (1901), 1 Neb. (unofficial) 712, 95 N. W. 842; *Hilz* v. *Missouri Pac. R. Co.* (1890), 101 Mo. 36, 13 S. W. 946; *Cowing* v. *Altman* (1879), 79 N. Y. 167; *Spring Valley Coal Co.* v. *Robizas* (1904), 207 Ill. 226, 69 N. E. 925; *Peck & Co.* v. *Roofing, etc., Co.* (1902), 96 Mo. App. 212, 70 S. W. 169.

In *Illinois Steel Co.* v. *Novak, supra,* the declaration was in trespass for assault and battery, and averred that plaintiff was lawfully on the premises of defendant and conducting himself in a peaceable and orderly manner; that a servant of the defendant, with force and arms, and without right or provocation, wantonly, wilfully, carelessly and negligently did commit an assault on plaintiff, and beat him and injured him. The defendant filed a single plea—that of not guilty. Under the issues thus formed it was not competent for defendant to urge in defense of the action that an assault and battery was justifiable.

The cause was tried by a jury, and the evidence established that plaintiff was on defendant's premises without right; that one of defendant's servants sought to eject him, and in the struggle which ensued the servant struck plaintiff over the head with a club and beat him. The court in the opinion said: "The effect of the testimony was to overturn the case stated in the declaration, that appellee was lawfully on the premises of the appellant company and for that reason the assault made was from its inception unlawful, and also to overcome the defense, under the plea of not guilty, that the appellant company had not committed an assault. Counsel for the respective parties, losing sight of the state of the pleadings or voluntarily abandoning the issues thereby made, procured the court to instruct the jury as to the law ap-

plicable to the facts proved, and submitted the cause in that manner to the jury for decision.   *   *   *   The parties by these instructions directed the attention of the jury to the law applicable to the rights of the parties on the state of facts presented by the proofs, without regard to the state of the pleadings.  The case for the appellee as made by his declaration was, he was rightfully on the premises of the appellant company and the assault upon him was unlawful. His case presented to the jury by the evidence and the instructions was, that though on the premises of the appellant company without right and therefore subject to be forcibly ejected, excessive and unnecessary force was employed, resulting in personal injury and constituting an assault and battery.  The defense as set forth by the plea was, that the defendant company had not committed an assault upon the person of appellee.  The defense as presented to the jury by the proof and the instructions of the court was, that the appellant company had by its servant laid hold of the person of the appellee and forcibly removed him from its premises, but that the assault so made upon him was justifiable.  The parties having, respectively, procured the court to declare to the jury the rules of law applicable to the state of facts disclosed by the evidence and to direct the jury to return a verdict in accordance with his or its legal rights, under such state of facts neither can be heard to complain [that] the instructions of the court authorized recovery or successful defense to the action on the case made by the proofs, on the ground the facts proved were not within the allegations of the pleadings.  The controlling principle in such instances is illustrated by the rulings of this court in *Illinois Cent. R. Co.* v. *Latimer* [1889], 128 Ill. 163, 21 N. E. 7, and *Consolidated Coal Co.* v. *Haenni* [1893], 146 Ill. 614, 35 N. E. 162.''

In *Hilz* v. *Missouri Pac. R. Co., supra,* plaintiff brought suit against defendant for damages for the killing of plaintiff's husband by defendant.   The negligence charged was in

running the train in violation of a speed ordinance, and in failing to ring the bell and to have a watchman at the crossing. The only issues submitted to the jury were, substantially, whether the defendant's engine and tender were so far distant from said Hilz when he stepped on the track that the person in charge thereof ought, in the exercise of ordinary care, to have discovered his peril in time to stop and avoid injuring him. The court instructed the jury as to the doctrine of the last clear chance, and thus submitted said question to the jury for its consideration. The point was raised in the Supreme Court that the petition did not authorize the submission of this issue to the jury. Speaking to this point the court say: "But, even if the objection would be sound and well taken in a proper case, the defendant, we apprehend, is in no position to urge the same in this court. Both parties, we think, tried the case upon the theory of this instruction. The defendant, it is true, excepted to the giving of this instruction, but, so far as the question involved is concerned, instruction numbered two, asked by defendant, is substantially the same. Again, there was no exception or objection on either side to the evidence offered in this behalf, but while plaintiff sought to show, without objection by defendant, that Hilz was on the track, while the engine was far enough distant to have stopped in time by the exercise of ordinary care, defendant sought by the cross-examination of plaintiff's witnesses to show to the contrary, and also sought so to show by the witnesses introduced in its own behalf. The cause having been so tried, both parties, by the evidence and instructions having treated the issue as properly made, both parties having asked its determination and submission to the jury, the objection that there was no such issue, we think, cannot now be made. *Bettes* v. *Magoon* [1885], 85 Mo. 580; *Thorpe* v. *Missouri Pac. R. Co.* [1886], 89 Mo. 650, 2 S. W. 3, 58 Am. Rep. 120; *Loomis* v. *Wabash, etc., R. Co.* [1885], 17 Mo. App. 340."

We recognize the rule that parties must recover *secundum*

*allegata et probata* or not at all; but the rule should not be extended to include allegations in detail. Here the gravamen of the action is the negligent killing of decedent, and the recovery was had for this act and no other. Appellant denied this charge. Upon this issue they met, and in the contest no charge was made by appellee that was not sought to be met with proof by appellant without objection or complaint that it was a deviation from the charge outlined. There was no claim that appellant was surprised or misled, no request to reform the issues, or suggestion that it was not prepared to meet the question thus presented. There is no doubt that, if such a request or suggestion had been made, the court below might have permitted necessary amendments or reformation of the pleadings, and, upon proper showing, granted continuance or taken any other necessary steps fully to protect all parties. But appellant did not choose to do this. It chose to submit the question then, under the pleadings as they existed. And for us to say that by so doing it had waived no question and forfeited no rights, and that appellee should be made to suffer by a reversal, would simply be putting a premium on sharp practices. All the appellant was entitled to was a fair trial without error, and if he stood by and perceived the court was committing error, and did not raise his voice in protest, but, on the contrary, requested the court to proceed on its erroneous way, we know of no principle of law or equity that would entitle it to be heard to complain of such erroneous action in an appellate tribunal.

What we have said here disposes of the questions sought to be raised on the instructions. We might say, in passing, that appellant's brief presents no questions upon the giving or refusing to give instructions, since it contains neither the instructions given, other than those complained of, nor the substance thereof. And it does not appear that those objected to might not be correct in connection with other instructions.

Appellant's engineer testified that he saw decedent upon the track when the locomotive was about one hundred fifty feet away, and that he immediately blew the alarm signal. Other witnesses testified that when the alarm was sounded the horse was rearing, and would go neither forward nor backward. The engineer testified that he was going at a rate of five miles per hour, and at that speed could stop his train, by using all of the facilities in his power, in a distance of about thirty-six feet. He said he slowed down but did not use all his facilities to stop the train at any time before striking decedent. All the witnesses agreed that the horse was on the track, and not moving forward when the alarm was sounded; some saying decedent was reaching back in his wagon with his back to the train, others that the horse was frightened and rearing up, and the boy was trying to pull him off the track. It is clear that the engineer must have seen the decedent's peril in ample time to stop the train and avoid the injury.

In this state of the record, it would be an injustice to reverse this case on the bare technicality urged by appellant, and even if the technical objection urged was well taken, under §§407, 700 Burns 1908, §§398, 658 R. S. 1881, the judgment should be affirmed.

We find no reversible error in the record. Judgment affirmed.